# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARMAINE KLATCH-MAYNARD  
and WILLIAM MAYNARD h/w,  
          Plaintiffs

v.

SUGARLOAF TOWNSHIP, SUGARLOAF.
TOWNSHIP BOARD OF SUPERVISORS,
ROBERT STANZIOLA,
EARL MILLER,
JOYCE P. STEVENS
and SUGARLOAF TOWNSHIP SOLICITOR
JAMES SCHNEIDER, all and all in their
official and individual capacities,
          Defendants

No. 3:06cv845

(Judge Munley)

## MEMORANDUM

Before the court for disposition is the defendants' motion for summary judgment. The parties have briefed their respective positions and oral argument has been held. The matter is thus ripe for disposition.

**Background**

Plaintiff Charmaine Klatch-Maynard is disabled, suffering from many physical ailments including relfex sympathetic dystrophy. (Doc. 1, Complaint, (hereinafter "Compl."), ¶ 13). Plaintiff uses a trained and certified "service dog" to help her in her day to day activities. (Compl. ¶ 14). She claims that she was denied access with her dog to Sugarloaf Township Public Meetings, such as meetings of the township zoning hearing board, recreation board and planning board, at least forty-eight times between December 2004 and November 2005. (Compl. ¶¶ 11, 15). Evidently, the police chief, Defendant John Hudson, told her that she could not attend the meetings with her dog, and that he was acting on the orders of the Township supervisors in telling her this. Plaintiff went to Hudson with paperwork to establish to him that the dog was a "service" dog. He threw the papers back at her and threatened to put the dog down.

Plaintiff also alleges defamation against the defendants for publishing statements declaring Charmaine Maynard a tax cheat and tax thief. She asserts that the defendants wrote a letter to Sugarloaf Township's taxing oversight authority members and intentionally and fraudulently represented that plaintiffs refused to pay their taxes. ( Compl. ¶ 191). The defendants also announced at a public meeting that plaintiffs refused to pay their taxes. (Compl. ¶ 201). Based on these assertions plaintiffs filed a nineteen count complaint raising the following issues: Count 1-Procedural Due Process, U.S. Constitution against all defendants; Count 2-Equal Protection, U.S. Constitution against all defendants; Count 3- Substantive Due Process, U.S. Constitution against all defendants; Count 4- Denial of federal, constitutionally and statutorily protected right to liberty under color of Pennsylvania law against all defendants; Count 5-Pennsylvania Constitutional rights against all defendants; Count 6- Pennsylvania Constitutional rights against all defendants; Count 7- Denial of Procedural due process against the individual defendants; Count 8-Equal Protection, individual defendants; Count 9-Substantive Due process, individual defendants; Count 10-Conspiracy to interfere with civil rights, 42 U.S.C. § 1985(3) individual defendants; Count 11- Negligence, individual defendants; Count 13[1]-Negligence against township, board of supervisors, police chief and township solicitor; Count 14-Negligence per se, all defendants; Count 15-Negligence per se, individual defendants; Count 16- Conspiracy to interfere with civil rights, all defendants 42 U.S.C. § 1985(3); Count 17-Negligence per se, deprivation of federal and state civil rights, all

---

[1]The complaint contains no Count 12. It proceeds directly from Count 11 to Count 13.

2

defendants; Count 18-Defamation; Count 19-Defamation.

At the close of discovery defendants filed a motion for summary judgment, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant the Civil Rights Act, 42 U.S.C. § 1983, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not

3

return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324. Defendant raises seven issues, which we will address *in seriatim.*

**1. Official Capacity Suit**

Defendant first argues that the claims against the defendants in their official capacities should be dismissed because the municipality is sued also and suing municipal officials in their official capacity is the same as suing the municipality. Plaintiff's brief fails to address this issue. We are in agreement with the defendant and will dismiss the official capacity claims.

The law provides that: "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159 at 166 (1985). Moreover, the Supreme Court has explained that official-capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Soc. Serv. of New York, 436 U.S. 658, 690 n.55 (1978).

Accordingly, the official capacity claims against the individual defendants will be dismissed as redundant.

### 2. Claims against Defendants Robert Stanziola, Earl Miller, Joyce P. Stevens and Sugarloaf Township Solicitor James Schneider concerning the service dog issue

The Township Supervisor Defendants and the Township Solicitor argue that there is no testimony or evidence that the defendants at any time either individually or collectively took any action with respect to inhibiting or preventing plaintiff from bringing her service dog with her to public meetings. Therefore, they argue that judgment should be granted with regard to these defendants with regard to claims regarding the dog.

After a careful review, we disagree. In the plaintiff's deposition, she indicates that Defendant Police Chief Hudson indicated that supervisors and the township solicitor had ordered him to prevent the plaintiff from bringing her dog to the meetings. (Doc. 27-2, Depo. Charmaine Klatch-Maynard, at 23, 44). Additionally, an individual who evidently went with plaintiff to speak with the police chief testified at his deposition that the police chief stated that he only does as he is told by his supervising staff. (Doc. 27-6, Depo. John Homa IV). We find that based upon this a jury could conclude that the police chief was acting on the orders of the township supervisors and the township solicitor in banning plaintiff's dog from public meetings. Police Chief Hudson indicated in his deposition that he has never told Plaintiff that she could not attend meetings with her dog and that he has never met with her. (Doc. 27-13, Depo. Defendant Hudson 24-25). He further testified that no one from the Board of Supervisors or the township solicitor or any official or agent of the township ever directed him to prevent plaintiff from bringing her service dog to

5

supervisor meetings. (Id. at 29). This conflicting evidence creates a question of fact that it will be up to the jury to resolve.

### 3. Negligence claims

As set forth above, Counts 11, 13, 14 and 15 sound in negligence. Defendants argue that to the extent that the some counts are based upon negligence, they must be dismissed because negligence cannot be the basis for a civil rights violation. We agree with the defendant. More than negligence is required to sustain a section 1983 civil rights action. See Davidson v. O'Lone, 752 F.2d 817, 826 (3d Cir.1984) (en banc) (more than negligence required to sustain a cause of action under § 1983), aff'd sub nom. Davidson v. Cannon, 474 U.S. 344 (1986). Accordingly, summary judgment will be granted to the defendants on Counts 11, 13, 14 and 15.

### 4. Claims against Defendants Sugarloaf Township and Sugarloaf Township Board of Supervisors concerning the service dog issue

Defendant next argues that Sugarloaf Township and Sugarloaf Township Board of Supervisors cannot be held liable for the service dog issues. Defendant actually raises two issues here, whether the Township Board of Supervisors is a proper defendant and whether plaintiff has asserted a proper claim of municipal liability against the township. We will address the issues separately.

### A. Board of Supervisors

Defendants claim that the Sugarloaf Township Board of Supervisors cannot be sued as a separate entity as it is merely an administrative arm of Sugarloaf Township. Defendants' argument is well taken. As the Board of Supervisors is a subunit of the Township, dismissal of the Board of Supervisors is appropriate as redundant of the claims against the Township. See D'Altilio v. Dover Tp., No. 1:06-CV-1931, 2007 WL

6

2845073 * 3 (Sept. 26, 2007) (explaining that "a plaintiff cannot maintain a suit against both a local government and its constituent departments and agencies.")

### B. Municipal liability

Defendants also assert that Sugarloaf Township cannot be held liable for the alleged civil rights violations. Under Monell v. Dep't of Social Serv. of City of New York, 436 U.S. 658, 694 (1978), a governmental entity cannot be held liable unless a constitutional injury results from the execution of a governmental policy or custom. In other words, Sugarloaf Township may be liable under § 1983 only for acts implementing an official policy, practice or custom of the municipality. Id. at 690-91. A plaintiff must identify the challenged policy, attribute it to the municipality itself, and demonstrate that the execution of the policy caused the injury suffered by the plaintiff. Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir.1984). In the instant case, the defendants argue that the official written policy of the Township clearly allowed for service animals. Thus, the claims against the Sugarloaf should be dismissed.

As discussed above, however, the plaintiff has presented evidence that regardless of the written policy, the actual policy followed in this case, as directed by the board of supervisors, was to disallow the service animal. Thus, it will be for the jury to decide whether Sugarloaf followed the written policy or whether that policy was abandoned in practice. Summary judgment will be denied to the township on this point.

### 5 Punitive Damages

The Defendants also argue that municipalities are immune from punitive damages. Thus the punitive damages claim made against

7

Sugarloaf and the Board of Supervisors should be dismissed.

The defendant's argument is correct. Municipalities, and state and local governmental entities are immune from punitive damages under section 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). The punitive damage claims against the municipal defendants will therefore be dismissed.

### 6. State Law Tort Immunity

Defendants next assert that they are immune from suit with regard to the negligence claims pursuant to the Pennsylvania Political Subdivision Tort Claims Act  42 PA.CONS.STAT.ANN. § 8541 et seq. As set forth above, however, the negligence claims will be dismissed, and defendants' argument here is moot.

### 7. Verbal Defamation

Defendants next attack plaintiffs' claim of verbal defamation. Count 19 of the complaint asserts that the defendants defamed plaintiffs by announcing at a public meeting that plaintiffs refused to pay their taxes for numerous years. (Doc. 1, Compl. ¶ 201). Defendants points out that plaintiffs claim that only two defendants made defamatory comments, Robert Stanziola and Township Solicitor James A. Schneider, Esq. Therefore, summary judgment should be granted to the other defendants. Plaintiffs' position is that the other township supervisors were present when these statements were made and remained silent. Therefore, they acquiesced in them and can be held liable. Plaintiff cites no authority for this position, and our research has uncovered none. Therefore, because it has been alleged that only Defendants Stanziola and Schneider made the defamatory remarks, the defamation claims against the other will be

8

dismissed.

## Conclusion

For the reasons set forth above, the defendants' motion for summary judgment will be granted in part and denied in part. It will be granted with regard to: the official capacity claims against the individual defendants; the negligence claims; the claims against the Township Board of Supervisors; the punitive damages claims against the municipal defendants; and the defamation claims except for those against Defendants Stanziola and Schneider. The motion will be denied in all other respects. Therefore, remaining in the case will be Sugarloaf Township and the individual defendants in their individual capacities. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARMAINE KLATCH-MAYNARD
and WILLIAM MAYNARD h/w,
    Plaintiffs

v.

SUGARLOAF TOWNSHIP, SUGARLOAF
TOWNSHIP BOARD OF SUPERVISORS,
ROBERT STANZIOLA,
EARL MILLER,
JOYCE P. STEVENS
and SUGARLOAF TOWNSHIP SOLICITOR
JAMES SCHNEIDER, all and all in their
official and individual capacities,
    Defendants

3:06cv845

(Judge Munley)

## ORDER

**AND NOW**, to wit, this 27th day of August 2008, the defendants' motion for summary judgment is **GRANTED** in part as follows:

1) Summary judgment is **GRANTED** to the defendants with regard to Counts 11, 13, 14 and 15;

2) Summary judgment is **GRANTED** to the defendants with regard to the official capacity claims;

3) Summary judgment is **GRANTED** with regard to the Township Board of Supervisors and they are dismissed from this action.

4) Summary judgment is **GRANTED** to the municipal defendants with regard to punitive damages;

5) Summary judgment is **GRANTED** to all defendants on the defamation claim except for Defendants Stanziola and Schneider.

The motion is **DENIED** in all other respects.

            BY THE COURT:

            s/ James M. Munley
            JUDGE JAMES M. MUNLEY
            United States District Court