# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE KLATCH-MAYNARD and WILLIAM MAYNARD h/w, Plaintiffs | No. 3:06cv845 (Judge Munley) |
| v. | |
| SUGARLOAF TOWNSHIP, ROBERT STANZIOLA, EARL MILLER, JOYCE P. STEVENS and SUGARLOAF TOWNSHIP SOLICITOR JAMES SCHNEIDER, in their individual capacities, Defendants | |

## MEMORANDUM

Before the court for disposition is the plaintiffs' motion for leave to file an amended complaint. The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff Charmaine Klatch-Maynard is disabled, suffering from many physical ailments including relfex sympathetic dystrophy. (Doc. 1, Complaint, (hereinafter "Compl."), ¶ 13). Plaintiff uses a trained and certified "service dog" to help her in her day to day activities. (Compl. ¶ 14). She claims that she was denied access with her dog to Sugarloaf Township Public Meetings, such as meetings of the township zoning hearing board, recreation board and planning board, at least forty-eight times between December 2004 and November 2005. (Compl. ¶¶ 11, 15). Evidently, the police chief, Defendant John Hudson, told her that she could not attend the meetings with her dog, and that he was acting on the orders of the Township supervisors in telling her this. Plaintiff went to Hudson with paperwork to establish to him that the dog was a "service" dog. He threw the papers back at her and threatened to put the dog down.

Plaintiff also alleges defamation against the defendants for publishing statements declaring Charmaine Maynard a tax cheat and tax thief. She asserts that the defendants wrote a letter to Sugarloaf Township's taxing oversight authority members and intentionally and fraudulently represented that plaintiffs refused to pay their taxes. ( Compl. ¶ 191). The defendants also announced at a public meeting that plaintiffs refused to pay their taxes. (Compl. ¶ 201).

Based on these assertions plaintiffs filed a nineteen count complaint raising the following issues: Count 1-Procedural Due Process, U.S. Constitution against all defendants; Count 2-Equal Protection, U.S. Constitution against all defendants; Count 3- Substantive Due Process, U.S. Constitution against all defendants; Count 4- Denial of federal, constitutionally and statutorily protected right to liberty under color of Pennsylvania law against all defendants; Count 5-Pennsylvania Constitutional rights against all defendants; Count 6- Pennsylvania Constitutional rights against all defendants; Count 7- Denial of Procedural due process against the individual defendants; Count 8-Equal Protection, individual defendants; Count 9-Substantive Due process, individual defendants; Count 10-Conspiracy to interfere with civil rights, 42 U.S.C. § 1985(3) individual defendants; Count 11- Negligence, individual defendants; Count 13[1]-Negligence against township, board of supervisors, police chief and township solicitor; Count 14-Negligence per se, all defendants; Count 15-Negligence per se, individual defendants; Count 16- Conspiracy to interfere with civil rights, all defendants 42 U.S.C. § 1985(3);

---

[1]The complaint contains no Count 12.  It proceeds directly from Count 11 to Count 13.

Count 17-Negligence per se, deprivation of federal and state civil rights, all defendants; Count 18-Defamation; Count 19-Defamation.

At the close of discovery defendants filed a motion for summary judgment, which this court granted in part and denied in part. We granted it with regard to: the official capacity claims against the individual defendants; the negligence claims; the claims against the Township Board of Supervisors; the punitive damages claims against the municipal defendants; and the defamation claims except for those against Defendants Stanziola and Schneider. We denied the motion in all other respects. The court then scheduled a pretrial conference. Several days before the pretrial conference was to be held, the plaintiffs filed a motion to file an amended complaint, and the court cancelled the pretrial conference. The motion to amend was denied on procedural grounds without prejudice to the plaintiffs filing a motion without the defects of the original one. (Doc. 49). The plaintiffs then filed a second motion to file an amended complaint bringing the case to its present posture.

Plaintiffs seek to allege the following facts in their amended complaint:

Plaintiff Charmaine Klatchmore-Maynard sought a reassessment of her real property value before the Luzerne County Board of Assessment Appeals. (Doc. 50-3, Proposed Amended Complaint, ¶ 21). At a public hearing in the fall of 2005, the Assessment Appeals Board found in her favor and reduced the assessed value of the property. (Id.). In October 2005, Plaintiff sent the Hazleton Area School District a letter advising it of her assessment appeal and requesting that the district forgive her past taxes. (Id.). Proposed Additional Defendant McNelis sent plaintiff a letter

denying her request for tax forgiveness. (Id. at ¶ 31). Proposed Additional Defendant Schneider, solicitor of Sugarloaf Township, compiled an accounting of the amount of back taxes owed by the plaintiff from 1998 through 2004. (Id. at ¶¶ 13, 35). He passed this information on to McNelis. (Id.). McNelis passed the information on to "members of the Hazleton Area School District[.]" (Id. at ¶ 38). Once again, the complaint is not explicit, but it is evident that the school district appealed Plaintiff Charmaine Klatch-Maynard's reduction in assessment. (See id. at ¶¶ 42, 48). Plaintiff further alleges that Schneider provided information to McNelis regarding the amount of rent she was receiving for an apartment on the premises and the amount she received in an insurance claim ($50,000.00). (Id. at ¶¶ 43 - 44). He provided this information to ensure that the school district would continue its appeal of the real property assessment. (Id. at ¶¶ 45, 51). Plaintiff asserts that Schneider only knew of the $50,000 in insurance proceeds due to a breach of confidentiality by Defendant Attorney Hludzik. (Id. ¶ 46).

Based upon these facts, plaintiffs seek to add several more defendants and counts to their complaint. The proposed amended complaint seeks to add the following defendants: the Hazleton Area School District; Hludzik Law Offices, P.C., George R. Hludzik, McNelis Law Offices, and Edward P. McNelis. (Doc. 50-3, Proposed Amended Complaint, ¶¶ 17, 17[sic],18, 19, 20). The amended complaint seeks to add causes of action relating to the school district's appeal of her property value assessment: denial of civil rights; denial of the plaintiffs' right to Equal Protection; conspiracy to violate the plaintiffs' civil rights; civil racketeering; and wrongful use of civil proceedings in violation of 42 PENN.

4

CONS. STAT. ANN. § 8351. The defendants oppose the proposed amendments.

**Jurisdiction**

As this case is brought pursuant the Civil Rights Act, 42 U.S.C. § 1983, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

Rule 15(a) of the Federal Rule of Civil Procedure provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV P. 15(A)(2). As the United States Supreme Court stated in Foman v. Davis, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of an amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

Id. at 182.

The grant or denial of a motion to amend is within the sound discretion of the district court, but outright refusal to grant leave to amend without justifying any reason is abuse of that discretion and

inconsistent with the spirit of the Federal Rules of Civil Procedure. Id.; see Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.1983) cert. denied 464 U.S. 937 (1983). Considering the liberal pleading philosophy of the federal rules, the Third Circuit has even determined that it could be an abuse of discretion to refuse to entertain a motion to amend after summary judgment is entered. Adams v. Gould Inc., 739 F.2d 858, 864, 869 (3d Cir. 1994).

The standard set forth in Rule 15(a) "encompasses a broad range of equitable factors, including a party's delay in seeking leave to amend and any prejudice to the opposing party." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir.2006). Of these factors, the possibility of prejudice to the non-moving party is the "touchstone for the denial of the amendment." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir.1989) (quoting Cornell & Co., Inc. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir.1978)). Absent substantial or undue prejudice, "denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, 663 F.2d 419, 425 (3d Cir.1981).

"The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." Cureton v. Nat'l Collegiate Athletic Ass'n., 252 F.3d 267, 273 (3d Cir. 2001) (citing Adams, 739 F.2d at 868). However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."

Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868);  See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993) ("unreasonable delay" may result when movant had "numerous opportunities to correct any deficiencies in her [ ] claim but failed to take advantage of them" over the span of three years).

Another consideration is whether amending the pleading would be a futile gesture.  F.D.I. C. v. Bathgate, 27 F.3d 850, 874 (3d Cir.1994) (citing Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989), cert. denied, 493 U.S. 1023 (1990)).   Amendment of the complaint is futile if the amendment would not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss.  See Massarsky, 706 F.2d at 125 ("The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

**Discussion**

In the instant case, the moving defendants assert that the amended complaint could not withstand a motion to dismiss, therefore, the motion to amend should be denied.

As noted above, the complaint, at the time the summary judgment motion was decided, contained causes of action relating to Plaintiff Charmaine Klatch-Maynard being prohibited from bringing her service dog township meetings and a defamation action regarding plaintiff being labeled a "tax cheat/thief."  The proposed amended complaint add causes of action pertaining to the Hazleton Area School District's appeal of plaintiff Charmaine Klatch-Maynard's tax assessment.   Defendants argue that pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, a civil rights action

7

cannot be based upon a real estate tax assessment appeal unless allegations are present that the procedures in place with regard to that appeal were unconstitutional.  We are unconvinced.

The Tax Injunction Act ("TIA") provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.

The TIA "was designed expressly to restrict the jurisdiction of the district courts of the United States over suits relating to the collection of taxes." Hibbs v. Winn, 542 U.S. 88, 104 (2004) (citation and internal quotation marks omitted).  "[I]n enacting the TIA, Congress trained its attention on taxpayers who sought to avoid paying their tax bill by pursuing a challenge route other than the one specified by the taxing authority.  Nowhere does the legislative history announce a sweeping congressional direction to prevent "federal-court interference with all aspects of state tax administration." Id. at 104-05 (citation and internal quotation marks omitted).

We find the TIA inapplicable here.  Plaintiffs do not seek to "enjoin, suspend or restrain the assessment, levy or collection" of taxes.   They seek to recover under Section 1983 and other laws for the defendant's using the tax appeal for an allegedly improper purpose.  On its face, therefore, it appears that the TIA is inapplicable to the complaint.

Defendant relies on Rosewell v. LaSalle Nat'l Bank, 450 U.S. 530 (1981) for the proposition that pursuant to TIA a taxpayer cannot bring suit based upon utilization of the state tax procedures where the state provides a plain, speedy and efficient remedy itself.  This argument is unconvincing

as plaintiffs' complaint does not challenge the procedures set up for property tax assessment.  They challenge the defendants' actions in utilizing those procedures to harass/punish the plaintiff.  Accordingly, the TIA and Rosewell are inapplicable.  The tax appeal case is completed in the instant case.  The plaintiffs do not seek a reversal or amendment of the state court's decision.  They do not ask the court to enjoin, suspend or restrain the tax assessment.  Rather, they seek to recover for constitutional violations allegedly committed by the defendants in pursuing the tax appeal.

In support of their position, defendants also rely upon Robinson v. Limerick Twp., No. Civ.A. 04-3758, 2005 WL 17972 (E.D. Pa. Jan. 4, 2005).  In Robinson, Township officials ordered a cease and desist order against the plaintiffs who were performing pasture repair work on their property.  Id. The township asserted that the plaintiffs needed a permit for the work that they were performing.  Id.  Instead of filing an application for a permit, the plaintiffs appealed the cease and desist order to the Court of Common Pleas.  Id. at *2.  After the plaintiffs appealed, the township took actions against them that the plaintiffs asserted were done in retaliation for the appeal and to harass.  Id.  The plaintiffs then filed a federal civil rights action against the township alleging equal protection and due process violations.  Id.  After analyzing the issues, the court dismissed the complaint, but allowed the plaintiffs leave to amend.  Id. at *6.  The court proceeded to analyze each claim made by the plaintiff.  The court found no procedural due process claim.  Plaintiffs' complaint does not appear to assert a procedural due process claim.  Accordingly, this analysis is

irrelevant to the instant case.[2]

Next, the defendants argue that the substantive due process claim is not cognizable because in order to prevail on such a claim, a plaintiff must allege "conscience shocking" behavior on the part of the government. The plaintiffs have not alleged such behavior, and therefore, the claim must fail.

The law provides as follows: "The substantive component of the Due Process Clause can only be violated by governmental employees when their conduct amounts to an abuse of official power that 'shocks the conscience.'" Fagan v. City of Vineland, 22 F.3d 1296, 1303 (3d Cir.1994) (en banc). "[T]he measure of what is conscience-shocking is no calibrated yard stick," County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998). Conscience shocking behavior violates the "decencies of civilized conduct" Rochin v. California, 342 U.S. 165, 172-73 (1952). "What 'shocks the conscience' is only the most egregious official conduct." Eichenlaub v. Township of Indiana, 385 F.3d 274, 285 (3d Cir. 2004) (citations and internal quotation marks omitted).

At this stage of the proceeding - - ruling on a motion to amend the complaint - - we find that it is too early to judge whether plaintiff can establish conscience shocking behavior.

The last count that the defendants challenge is plaintiffs' equal protection claim. The defendants argue that the facts in Robinson were more egregious than in the instant case. The Robinson court found that no valid equal protection claim had been asserted, therefore, there is none in this case either. We are unconvinced.

---

[2]If such a claim were asserted in the complaint, it would be subject to dismissal.

10

An equal protection claim is properly pled where a plaintiff asserts that she was treated differently because of membership in a suspect or protected class or where a fundamental right is impinged upon. Robinson, 2005 WL at * 5. An equal protection claim can also be made out where an individual is treated differently from other similarly situated individuals by a state actor. The plaintiffs in Robinson failed to allege any of these facts necessary for an equal protection claim, and thus the court found that they did not state an adequate equal protection claim. Id.. In the instant case, however, the Plaintiff Charmaine Klatch-Maynard asserts that she was treated differently from all others. Accordingly, we find that for purposes of a motion to amend, the plaintiff has sufficiently pled an equal protection claim.

The defendants never specifically challenges plaintiffs' Wrongful Use of Civil Proceedings claim under 42 Pa.C.S.A. § 8351 or the RICO action. Therefore, we will not address these issues. Our failure to address these issues should not be interpreted as a finding that these claims state a cause of action upon which relief may be granted.

**Conclusion**

For these reasons, the plaintiffs' motion to amend will be granted. The Clerk of Court will be directed to docket the amended complaint. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE KLATCH-MAYNARD and WILLIAM MAYNARD h/w, Plaintiffs | 3:06cv845 |
| v. | (Judge Munley) |
| SUGARLOAF TOWNSHIP, SUGARLOAF TOWNSHIP BOARD OF SUPERVISORS, ROBERT STANZIOLA, EARL MILLER, JOYCE P. STEVENS and SUGARLOAF TOWNSHIP SOLICITOR JAMES SCHNEIDER, all and all in their official and individual capacities, Defendants | |

## ORDER

**AND NOW**, to wit, this 7th day of August 2009, the plaintiffs' motion for leave to file an amended complaint (Doc. 50) is hereby **GRANTED**. The Clerk of Court is directed to docket the amended complaint (Doc. 50-2). Because of our ruling on this motion, the defendants' motion in limine (Doc. 41) is rendered premature and is **denied** as such without prejudice to its being refiled at an appropriate time.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court