# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE KLATCH-MAYNARD and WILLIAM MAYNARD (H/W), | No. 3:06cv845 |
| v. | (Judge Munley) |
| SUGARLOAF TOWNSHIP, ROBERT STANZIOLA, EARL MILLER, JOYCE P. STEVENS, POLICE CHIEF JOHN HUDSON, SUGARLOAF TOWNSHIP SOLICITOR, JAMES SCHNEIDER, ALL IN THEIR INDIVIDUAL CAPACITIES, Defendants | |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Martin C. Carlson's report and recommendation that defendants' motions to dismiss the amended complaint be granted. Plaintiffs have filed objections to the report and recommendation.

**Background**[1]

Between 2004 and 2008, the plaintiffs, Charmaine Klatch-Maynard and William Maynard, resided in Sugarloaf Township and owned property within the Hazleton School District. The Maynards were also involved in litigation with Sugarloaf Township, having filed a federal lawsuit against the township relating to zoning matters. According to the plaintiffs, this lawsuit ended unsuccessfully for the Maynards after a jury trial.

At the same time that the above-mentioned federal litigation was pending, the Maynards also had apparently accrued unpaid and delinquent real estate taxes owed both to the township and to the Hazleton School

---

[1]With slight stylistic changes, we adopt the magistrate judge's background facts. To avoid needless repetition we have omitted citations to the record.

District. As part of the exercise of their right to petition for redress of grievances, the Mayanards launched a twofold approach to litigating their unpaid tax claims.

First, in the autumn of 2005, the Maynards pursued a successful appeal of their real estate assessment before the Luzerne County Board of Assessment Appeals. When this assessment appeal initially resulted in a reduction of the assessed value of their real estate, plaintiffs contacted the Hazleton School District, advising the district of their successful assessment appeal and asking the district to forgive their tax delinquencies in light of this successful appeal.

The plaintiffs' complaint then alleges that their vigorous petitioning activity inspired the school district, through its counsel, to exercise its own right to petition for redress of grievances by challenging in court the revised real estate assessment that the plaintiffs had received from the Luzerne County Board of Assessment Appeals. Specifically, plaintiffs assert that between the autumn of 2005 and the summer of 2006, Defendant James Schneider, the solicitor for Sugarloaf Township, and Defendant Edward McNelis, the attorney for the Hazleton School District, exchanged a series of communications concerning the plaintiffs, the plaintiffs' various real estate tax delinquencies, the plaintiffs' effort to reduce their real estate tax assessments, and the plaintiffs' requests to have their tax delinquencies forgiven. In these communications, the attorneys allegedly discussed whether to appeal this lowered real estate assessment decision to the Court of Common Pleas.

The attorneys also allegedly discussed another financial matter relating both to the legal petitioning of the plaintiffs and to their ability to

2

pay the back taxes that they owed. In the context of these discussions, attorneys Schneider and McNelis referred to a report that the plaintiffs had successfully settled yet another, unrelated, civil lawsuit for $50,000, thus providing them the means of paying their tax debts. On the basis that this information was allegedly disclosed by an attorney who formerly represented them, Defendant George Hludzik, plaintiffs name Hludzik and his law firm as additional defendants in this matter. Ultimately, Hazleton School District appealed the assessment decision to the state court.

While the defendants weighed their options regarding whether to petition the state court to redress their grievances concerning this real estate reassessment, the plaintiffs were vigorous in re-asserting their right to petition by filing the instant lawsuit in April 2006. In its original form, the plaintiffs' 2006 complaint alleged, among other claims, violations of the plaintiffs' First Amendment rights to petition township officials by attending and speaking out at various township meetings. Indeed, plaintiffs alleged that their right of access to these public meetings was impeded, curtailed and chilled in a variety of ways on as many as forty-eight occasions between 2004 and 2006.

In October 2008, plaintiffs sought leave to amend the complaint to assert new claims against additional defendants. After almost ten months of contentious litigation, plaintiffs filed an amended complaint in August 2009. This amended complaint is an 81-page document, containing 301 paragraphs of factual averments, and describing 22 separate causes of action. The first fifteen counts of the amended complaint appear to relate to the original lawsuit brought by the plaintiffs. The remaining seven counts - Counts 16 through 22 - bring a series of new causes of action, all

of which appear in some fashion to stem out of the legal efforts by Hazleton School District to challenge the plaintiffs' favorable real estate reassessment decision by the Luzerne County Board of Assessment Appeals in state court. The amended complaint thus names as defendants in the new counts the following: the Hazleton School District, its counsel, McNelis, and his law firm, Sugarloaf Township, its counsel, Schneider, and his law firm, as well as the plaintiffs' own former attorney Hludzik, and his law firm.

According to the amended complaint, the actions of these defendants in petitioning the state court to review the real estate assessment: (1) violated the plaintiffs' Fourteenth Amendment substantive due process rights by depriving them of property (Count 16); (2) constituted a violation of the Equal Protection clauses of the United States and Pennsylvania Constitutions (Count 17); (3) amounted to a conspiracy to deprive the plaintiffs of their federally protected civil rights in violation of 42 U.S.C. § 1985(3) (Count 18); (4) violated Pennsylvania state law, specifically a state criminal statute, 18 PA. CONS. STAT. ANN. § 5101; (5) constituted a civil racketeering conspiracy in violation of the federal Racketeer Influenced Corrupt Organizations Act, ("RICO"), 18 U.S.C. § 1962, and Pennsylvania's anti-racketeering statue, 18 PA. STAT. CONS. ANN. § 911 (Count 20); and (6) violated Pennsylvania's wrongful use of civil proceedings statute, 42 PA. CONS. STAT. ANN. § 8351 (Counts 21 and 22).
(Doc. 97, Report and Recommendation of Nov. 8, 2010, 2 - 7).

Motions to dismiss Counts 16 through 22 of the amended complaint were filed by Defendants Hludzik, Hludzik law office, McNelis, the McNelis law office and Hazleton School District. The magistrate judge

recommends granting the motions to dismiss. The plaintiffs object to the report and recommendation, bringing the case to its present posture.[2]

**Jurisdiction**

As plaintiffs bring suit to vindicate their federal civil rights as well as a federal RICO action, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

---

[2]Magistrate Carlson filed the instant report and recommendation on November 8, 2011. On November 26, plaintiffs filed both a motion for extension of time to file objections and the objections themselves. (Doc. 98). On November 29, 2010, Defendants McNelis and McNelis Law Offices filed a motion to strike the objections as untimely. (Doc. 101). Defendants Hludzik and the Hludzik Law Office also objected to granting an extension of time. (Doc. 99). All of these motions will be denied as moot because the plaintiffs filed timely objections. The report and recommendation was filed on November 8, 2010, and electronically served on all parties on that date. (Doc. 97). Objections to a report and recommendation are due fourteen days after it is served. FED. R. CIV. P. 72(b)(2). Fourteen days from November 8, 2010 is November 22, 2010. This computation includes weekends and legal holidays as required under the Federal Rules. See FED. R. CIV. P. 6(a)(1). Where service is made by electronic means, three days are added onto the computation. See FED. R. CIV. P. 6(d) & 5(b)(2)(E). If that third day falls on a Saturday, Sunday or legal holiday, the deadline moves to the next day which is not a Saturday, Sunday or legal holiday. FED. R. CIV. P. 6(C). Here, three days from November 22, 2010 is November 25, 2010, which was a legal holiday, Thanksgiving Day. See FED. R. CIV. P. (6)(A). Therefore, the deadline moves to November 26, 2010, the next day that is not a Saturday, Sunday or legal holiday. Thus, the deadline for filing objections was November 26, 2010. Plaintiffs filed their objections on November 26, 2010. Therefore, the objections were timely filed.

5

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The instant report and recommendation involves motions to dismiss portions of an amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that

the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

As noted above, Magistrate Judge Carlson suggests dismissal of all the claims. The amended complaint contains both federal and state causes of action. We will address each in turn.

**I. Federal claims**

The magistrate judge recommends dismissal of the federal claims on the basis of the Noerr-Pennington doctrine. This doctrine provides

7

immunity from lawsuit for those engaged in petitioning the government for redress of grievances. Barnes Foundation v. Township of Lower Merion, 242 F.3d 151, 159 (3d Cir. 2001).³ The magistrate judge found that the defendants conduct in appealing the real estate reassessment was petitioning the government for redress of grievances, and thus they are immune from suit. Plaintiffs object to this portion of the report and recommendation.

      The Noerr-Pennington doctrine originated in the area of antitrust law.

The doctrine provides that, "[a] party who petitions the government for redress generally is immune from antitrust liability." Cheminor Drugs, Ltd. v. Ethyl Corp., 168 F.3d 119, 122 (3d Cir.), cert. denied, 528 U.S. 871(1999). Generally, filing a lawsuit is considered petitioning the government. See, e.g., Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961). The doctrine has been expanded beyond the antitrust context and applies in the federal civil rights context. See Barnes, 242 F.3d at 159; Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'n, Inc., 858 F.2d 1075, 1084 (5th Cir. 1988). Thus, a plaintiff may not bring a federal civil rights action against a defendant asserting that the defendant violated the plaintiff's civil rights by previously filing a lawsuit against plaintiff.

      That is precisely the situation here. The plaintiffs allege that the defendants conspired against them to have Defendant Hazleton School

---

³The doctrine's name is derived from the seminal Supreme Court cases that explain the doctrine. Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961) ("Noerr"), and United Mine Workers v. Pennington, 381 U.S. 657 (1965) ("Pennington").

District appeal the plaintiff's tax reassessment to the Court of Common Pleas. This appeal violated the plaintiffs' constitutional rights according to the amended complaint. However, under <u>Noerr</u>-<u>Pennington</u>, the filing of the appeal cannot serve as the basis for a civil rights claim.

Plaintiffs initially object to the report and recommendation on the basis that the government cannot deny a benefit to a person because of that person's exercise of her constitutional rights, especially her First Amendment rights. In support of this plaintiffs cite to <u>Perry v. Sindermann</u>, 408 U.S. 593, 597 (1972) (stating that in denying a person a benefit "there are some reasons upon which the government may not rely."). It cannot be doubted that generally the government is not permitted to violate one's constitutional rights. But the case which plaintiffs cite is not a complete statement of the law. It does not discuss the <u>Noerr</u>-<u>Pennington</u> doctrine at all. <u>Perry</u> involved a state junior college professor who claimed that the non-renewal of his teaching contract violated his right of free speech in that the decision not to rehire him was based on his public criticism of the policies of the college administration. <u>See</u> <u>Perry</u>, <u>supra</u>. Perry did not claim a violation of his rights based upon the defendants pursuing a lawsuit against him. It is thus not on point with respect to the case before us and provides no reason not to apply the <u>Noerr</u>-<u>Pennington</u> doctrine.

One exception, however, to the <u>Noerr</u>-<u>Pennington</u> doctrine exists. It is the "sham exception" and the magistrate judge suggests that it is inapplicable in the instant case. The United States Supreme Court has described this exception as follows:

> The "sham" exception to <u>Noerr</u> encompasses situations in which persons use the governmental *process* - as opposed to the *outcome* of that process - as a . . . weapon . . . . A "sham" situation

9

>involves a defendant whose activities are not genuinely aimed at procuring favorable government action at all, not one who genuinely seeks to achieve his governmental result, but does so *through improper means.*

City of Columbia v. Omni Outdoor Advert., Inc., 499 U.S. 365, 380 (1991) (internal citations and quotation marks omitted).

The Supreme Court has set forth a two-part definition of sham litigation, first the lawsuit must be "objectively baseless" such that "no reasonable litigant could realistically expect success on the merits." Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., 508 U.S. 49, 60 (1993). Second, the party against whom the exception is to be applied must be utilizing the government process itself, and not the outcome of that process, against its opponent. Id.

An example of where the exception applies is if someone petitions the court with no expectation of prevailing, but simply to impose expense and delay. City of Columbia, 499 U.S. at 380. The litigant is thus utilizing the court not to obtain a particular outcome, but as a means in itself to delay.

This exception is inapplicable in the instant case. Plaintiffs' amended complaint asserts that the defendants' appeal was not a sham. The plaintiffs allege that defendants appealed in order to win - to deprive the plaintiffs of their reassessment. (Doc. 56, Am. Compl. ¶ 214 (indicating that the defendants and additional defendants sought to "defeat the reduction in the assessed value of [plaintiffs'] real property . . . .")). Accordingly, the appeal was not a "sham" under Noerr-Pennington, and suit is barred.

Plaintiffs argue that the manner in which the appeal was taken, the uniqueness of it, demonstrates that the defendants tried to avoid the

appearance of retaliation. This satisfies the "sham" exception according to the plaintiffs. We disagree. Plaintiffs do not allege that the appeal was a sham, and indeed, the plaintiff's amended complaint alleges that the appeal was *not* a sham.

As noted above, Noerr-Pennington does indeed apply to civil rights claims, such as the due process and equal protection claims that the plaintiffs alleged. By necessary implication the doctrine, therefore, applies to public entities. See Mariana v. Fisher, 338 F.3d 189, 200 (3d Cir. 2003) (finding Noerr-Pennington applicable to state actors). The doctrine also applies to the other federal causes of action asserted by the plaintiff, that is conspiracy and RICO. See NAACP v. Claiborne Hardware Co., 458 U.S. 886, 912-14 (1982) (applying Noerr-Pennington doctrine to civil conspiracy claim); Sosa v. DIRECTV, Inc., 437 F.3d 923, 942 (9th Cir. 2006) (applying the doctrine to bar a RICO cause of action). The sham exception to the doctrine does not apply to these causes of action either. Accordingly, we find no merit to the plaintiffs' objections and they shall be overruled.

## II. State law claims

The magistrate judge recommends dismissing the pendent state law claims as the federal claims will be dismissed. Plaintiffs do not object or brief the issue of whether it is appropriate to dismiss the state law claims along with the federal claims. The extent of plaintiffs' argument with regard to the state law claims is that the federal claims should not be dismissed, and "the facts . . . pass muster for . . . the state law claims." (Doc. 100, Pl. Br. at 17). We agree with the report and recommendation that the state law claims should be dismissed.

When federal causes of action are dismissed, the court should not

11

separately entertain pendent state claims.  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Therefore, it is appropriate for the magistrate judge to suggest dismissing the instant pendant state law claims along with the federal claims.

Additionally, the Noerr-Pennington doctrine applies to state law causes of action as well as federal causes of action.  See Cheminor, 168 F.3d at 128 (dismissing New Jersey state law claims based on the doctrine).  Thus, the defendants are immune from suit with regard to the state law causes of action based upon the Noerr-Pennington doctrine.[4]

**Conclusion**

For the reasons set forth above, plaintiffs' objections to the magistrate judge's report and recommendation will be overruled and counts 16 through 22 of plaintiffs' amended complaint will be dismissed.  An appropriate order follows.

---

[4]While we need not address them fully, we also agree with the magistrate judge's conclusions that plaintiffs' state constitutional claims fail because the Pennsylvania constitution does not provide for a cause of action for damages.  See Jones v. City of Philadelphia, 890 A.2d 1188, 1215-16 (Pa. Commw. Ct. 2006).   Likewise, no private cause of action for damages exists under Pennsylvania's racketeering RICO statute.  D'Iorio v. Adonizio, 554 F. Supp. 222, 232 (M.D. Pa. 1982).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARMAINE KLATCH-MAYNARD and WILLIAM MAYNARD (H/W), Plaintiffs | : : : : | No. 3:06cv845 (Judge Munley) |
| v. | : : | |
| SUGARLOAF TOWNSHIP, ROBERT STANZIOLA, EARL MILLER, JOYCE P. STEVENS, POLICE CHIEF JOHN HUDSON, SUGARLOAF TOWNSHIP SOLICITOR, JAMES SCHNEIDER, ALL IN THEIR INDIVIDUAL CAPACITIES, Defendants | : : : : : : : : : : | |

## **ORDER**

**AND NOW**, to wit, this 8th day of February 2011, it is hereby **ORDERED** as follows:

1) The plaintiffs' objections (Doc. 100) are **OVERRULED**;

2) The magistrate judge's report and recommendation (Doc. 97) is **ADOPTED**;

3) The motions to dismiss the amended complaint (Docs. 59, 74 & 78) are **GRANTED**. Counts 16 through 22 of the amended complaint are **DISMISSED**, and the following parties are dismissed from this action: George R. Hludzik, Hludzik Law Offices, PC, Edward P. McNelis, McNelis Law Offices and Hazleton Area School District;

4) The plaintiffs' motion for an extension of time to file objections (Doc. 98) is **DENIED** as moot; and

5) The motion to strike objections (Doc. 101) is **DENIED**.

13

BY THE COURT:

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**