IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE KLATCH-MAYNARD and WILLIAM MAYNARD, H/W, Plaintiffs | : : : : : : : : : |
| v. | |
| SUGARLOAF TOWNSHIP, et al., Defendants | |

Civil Action No. 3:06-cv-0845
(Chief Judge Kane)

## MEMORANDUM

Pending before the Court is Defendants Earl Miller, James Schneider, Robert Stanziola, Joyce P. Stevens, and Sugarloaf Township's ("Township Defendants") motion in limine. (Doc. No. 106.) The motion is fully briefed and ripe for disposition. For the reasons that follow, the Court will grant Defendants' motion.

**I.  BACKGROUND**

Plaintiffs filed their original complaint in this civil rights action on April 24, 2006. (Doc. No. 1.) On January 8, 2007, Plaintiffs responded to Defendants' discovery requests. (Doc. No. 107-1, Ex. A at 2.) In their response, Plaintiffs listed three potential expert witnesses: Mr. Harry E. Russ, Jr., Dr. Vincent Digiovanni, and Dr. Kristine Terry. (Doc. No. 107-1, Ex. A at 7-8.) Plaintiffs also noted that "other experts to be provided promptly as plaintiffs decide areas of expertise needed." (Id. at 8.) According to Plaintiffs' response, the listed experts would testify that Plaintiff Charmaine Maynard requires the use of a service dog, and that her service dog was trained by an expert trainer. (Id.) Further, Plaintiffs indicated that Dr. Kristine Terry was "needed to prove mental anguish." (Id. at 7.) On March 28, 2007, Judge Munley issued an order establishing August 31, 2007, as the deadline for disclosure of Plaintiffs' expert reports. (Doc.

No. 23.) Plaintiffs did not file any expert reports. On September 17, 2008, the Township Defendants filed a motion in limine to preclude expert testimony as a sanction for Plaintiffs' failure to file expert reports. (Doc. No. 41.) Days before the pretrial conference scheduled for October 9, 2008, Plaintiffs filed a motion to continue the pretrial conference in contemplation of their motion to amend the complaint, add additional defendants, and extend discovery. (Doc. No. 46.) Judge Munley granted Plaintiffs leave to file an amended complaint (Doc. No. 55), and Plaintiffs did so on August 7, 2009 (Doc. No. 56). Defendants filed motions to dismiss on September 25, 2009, October 21, 2009, and October 28, 2009. (Doc. Nos. 59, 74, 78.) On February 8, 2011, Judge Munley adopted Magistrate Judge Carlson's report and recommendation and granted Defendants' motions to dismiss. (Doc. No. 104.) As a result, Counts 16 through 22 of Plaintiffs' amended complaint were dismissed. (Id.)

A pretrial conference was set for April 5, 2011. (Doc. No. 105.) In their Pretrial Memorandum filed March 29, 2011, Plaintiffs listed the following expert witnesses they expected to call at trial: Dr. Vincent Digiovanni, Dr. Kristine Terry, Mr. Harry E. Russ, Jr., Dr. Eugene Stish, Dr. Steven Katz, and "[a]ll other doctors listed in Plaintiffs' Answer to Defendants' discovery and those outlined by her in her deposition." (Doc. No. 115 at 9-10.) The Township Defendants filed the present motion in limine and a brief in support on March 22, 2011. (Doc. Nos. 106, 107.) Defendant John Hudson filed motions to join in the Township Defendants' motion in limine and brief in support on March 22, 2011. (Doc. Nos.109, 110.) Plaintiffs filed a response on March 30, 2011. (Doc. No. 116.) On March 31, 2011, Judge Munley cancelled the pretrial conference and reassigned the case to this Court. (Doc. Nos. 117, 118.)

## II.  DISCUSSION

Defendants' motion in limine seeks to exclude any expert testimony regarding liability or damages because Plaintiffs have not provided any expert reports as required by the Court's scheduling order. (Doc. No. 106 at 2.) Defendants' motion also seeks to exclude "any testimony or evidence by the Plaintiff, or any other witness, concerning physical, psychological and/or emotional injuries, and/or property damages allegedly sustained by Plaintiff as a result of the incidents complained of." (Id.) The Court will address each of these issues in turn.

### A.  Exclusion of Expert Testimony

Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to submit a written report disclosing the following information about any proposed expert witness:

> . . . [A] complete statement of all opinions the witness will express and the basis for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

Fed R. Civ. P. 26(a)(2)(B). Plaintiffs do not deny that they have failed to file expert reports in this action. When a party fails to provide information as required by Rule 26(a), Rule 37(c)(1) provides that "the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or in lieu of this sanction, Rule 37(c)(1) states that the Court may, on motion, impose other appropriate sanctions, including those listed in Rule 37(b)(2)(A). Id. "The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to

produce was harmless." Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D. Pa. 2002). Plaintiffs have failed to meet either of these conditions.

The Third Circuit has not directly addressed the "substantial justification" standard. See Grider v. Keystone Health Plan Central, Inc., 580 F.3d 119, 140 n.23 (3d Cir. 2009). However, courts have defined "substantial justification" as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with this disclosure request." Tolerico, 205 F.R.D. at 175. Plaintiffs do not assert that they were not required to comply with Judge Munley's March 28, 2007 order. Instead, Plaintiffs argue that Defendants are on notice of the identity of the experts whom they wish to call at trial and the purpose for which the experts will be called. (Doc. No. 116 at 2.) Plaintiffs' explanation for their failure to file expert reports is that their "concentration has been to discover the evidence collected in any state-run or federal investigation of the Defendants and Additional Defendants." (Id.) The deadline for Plaintiffs' expert reports passed over three and a half years ago. Moreover, Plaintiffs were on notice that they had failed to file expert reports when the Township Defendants filed a motion in limine on this very issue on September 17, 2008. (Doc. No. 41.) The Court cannot say that Plaintiffs have substantial justification for their failure to comply with Rule 26(a)(2)(B).

Nor can the Court conclude that Plaintiffs' failure to comply with Rule 26(a)(2)(B) is "harmless." "A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." Tolerico, 205 F.R.D. at 176 (citing Stalworth v. E-Z Serve Convenience Stores, 199 F.R.D. 366, 369 (M.D. Ala. 2001)). While Plaintiffs argue that Defendants have been on notice of the identity of

the experts and their purpose, Plaintiffs have failed to show that Defendants have "sufficient knowledge" of the substance of Plaintiffs' experts' intended testimony. As a result, Defendants have not had the opportunity to take discovery regarding Plaintiffs' experts' opinions or to file expert reports in rebuttal. Plaintiffs' failure to file expert reports cannot be viewed as "harmless."

Because Plaintiffs have failed to meet their burden of proving substantial justification or harmlessness, the Court has discretion to exclude Plaintiffs' expert testimony pursuant to Rule 37(c)(1). In determining whether to exclude evidence as a sanction for failure to comply with a discovery order, the Court must consider the following factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) bad faith or willfulness in failing to comply with the district court's order. Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977), overruled on other grounds, Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985). In addition, the Court is to consider the importance of the excluded testimony. Konstantopoulous v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)

Turning to the first Meyers factor, Defendants would be prejudiced by Plaintiffs' late filing. Plaintiffs' desire to file expert reports on the eve of trial prejudices Defendants' ability to prepare their case for trial and gives Plaintiffs a tactical advantage. See id. at 721. In In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 792 (3d Cir. 1994) (hereinafter referred to as "Paoli II"), the Third Circuit reversed the district court's decision to preclude expert testimony as a sanction

for violations of Rule 26(b) because the prejudice to defendants was "extremely minimal." However, the Third Circuit found that the failure to timely file the required information was only "a slight deviation from pre-trial notice requirements, and admitting the witness was likely to cause only a slight prejudice to the defendants, who were already aware of the basic substance of the witness' testimony." Paoli II, 35 F.3d at 792. In the present case, Plaintiffs' failure to timely file expert reports is more than a "slight deviation" from court deadlines. The deadline for expert reports passed over three and a half years ago, and trial is imminent. Indeed, it was Defendants that raised the issue of expert testimony, and only then did Plaintiffs volunteer to provide expert reports. On the other hand, it appears that the identity of three expert witnesses—Mr. Harry E. Russ, Jr., Dr. Vincent Digiovanni, and Dr. Kristine Terry—and a limited description of the substance of their testimony were identified in a timely manner, thus mitigating the prejudice to Defendants to some extent.

The prejudice to Defendants is even greater as to experts Dr. Eugene Stish, Dr. Steven Katz, and "all other doctors outlined by [Plaintiff Charmaine Maynard] in her deposition." (Doc. No. 115 at 10.) Dr. Eugene Stish and Dr. Steven Katz were not identified in Plaintiffs' response to Defendants' discovery requests. Defendants were unaware of their identity as expert witnesses and the substance of their testimony until Plaintiffs disclosed such information shortly before trial. Further, the Court notes that the substance of Dr. Steven Katz's testimony remains unknown. The Third Circuit addressed similar circumstances in Sowell v. Butcher & Singer, Inc., 926 F.2d 289 (3d Cir. 1991). In Sowell, the plaintiff failed to identify any experts in response to the defendant's interrogatories. 926 F.2d at 301. Years later, shortly before trial, the plaintiff designated expert witnesses in a pre-trial statement. Id. The Third Circuit held that the

district court's exclusion of the plaintiff's expert testimony was not an abuse of discretion, finding that "[plaintiff's counsel] failed to satisfy the obligations imposed upon him by the rules of discovery and cannot now be heard to complain that the district court erred in failing to admit expert testimony." Id.  The Court finds that Defendants would be unduly prejudiced by the inclusion of the expert testimony of Dr. Eugene Stish, Dr. Steven Katz, and any other experts identified by Plaintiff Charmaine Maynard in her deposition but not identified in Plaintiffs' response to Defendants' discovery requests.

The Court next considers Defendants' ability to cure the prejudice.  The prejudice to Defendants as to experts Mr. Harry E. Russ, Jr., Dr. Vincent Digiovanni, and Dr. Kristine Terry could be cured if the Court were to reopen discovery to allow Defendants the opportunity to depose these three experts, prepare rebuttal expert reports, and challenge Plaintiffs' expert testimony on Daubert grounds.  However, it is unclear that the prejudice and surprise to Defendants as to experts Dr. Eugene Stish and Dr. Steven Katz may be cured in a similar fashion.  Until Plaintiffs filed their Pretrial Memorandum, Defendants were unaware of the identity or substance of these experts' testimony.  Indeed, Plaintiffs have still not disclosed the substance of Dr. Steven Katz's testimony.

Turning to the third Meyers factor, the extent to which allowing the expert testimony would disrupt the orderly and efficient trial of the case, Plaintiffs argue that trial would not be interrupted because the Court has not yet scheduled a trial date in this matter. (Doc. No. 116 at 3.) Plaintiffs ignore the fact that Judge Munley was prepared to proceed with a pretrial conference before the case was reassigned to the undersigned and that the Court is prepared to set a trial date in this matter.  Reopening discovery when trial is imminent would disrupt the

orderly and efficient trial of this already protracted litigation.

The fourth Meyers factor requires the Court to consider the existence of bad faith or willfulness in Plaintiffs' failure to comply with the discovery order. The Court finds that Plaintiffs' conduct constitutes a willful failure to comply. Over three and a half years have elapsed since the deadline for Plaintiffs' expert reports, and Plaintiffs have offered no substantial justification for their inability to comply with the order. See Vorhes v. Mittal Steel USA, Inc., No. 06-1130, 2009 WL 959579, at *4 (W.D. Pa. Apr. 6, 2009); Haines v. Davies, No. 1:07-cv-00851, 2009 WL 331433, at *4 (M.D. Pa. Feb. 9, 2009); Ghulam v. Strauss Veal Feeds, Inc., No. 1:01-cv-1678, 2002 WL 34381146, at *3 (M.D. Pa. Nov. 5, 2002). The Third Circuit has held that the exclusion of evidence is "not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers, 559 F.2d at 904. Given the circumstances of this case, the Court has no choice but to conclude that Plaintiffs' conduct rises to the level of egregiousness contemplated by the Third Circuit. See In re TMI Litigation, 193 F.3d 613, 721 (3d Cir. 1999). On September 17, 2008, Defendants filed a motion in limine to preclude expert testimony that is virtually identical to their motion in limine currently before the Court.[1] (Doc. No. 41.) Thus, Plaintiffs have been on notice of their failure to file expert reports for well over two year and have done nothing to cure the problem. Accordingly, Plaintiffs' actions constitute a flagrant disregard of the Court's discovery order and border on willful deception. See id. at 722 ("Trial Plaintiffs' counsel can hardly complain that they had inadequate time to provide the desired reports, nor can they claim that the exclusion of

---

[1] Because Judge Munley granted Plaintiffs' motion for leave to file an amended complaint, he denied Defendants' motion in limine (Doc. No. 41) as premature. (See Doc. No. 55.)

the late reports in response to their practice of continually ignoring court orders caught them by surprise. Counsel's failure to comply with the deadlines . . . is inexcusable.").

Finally, the Court must consider the importance of the excluded testimony. As to Dr. Vincent Digiovanni, Dr. Kristine Terry, and Dr. Eugene Stish, the Court finds that their excluded testimony is not of critical importance insofar as they will be permitted to testify as lay witnesses as Plaintiff Charmaine Maynard's treating physicians.[2] The Court finds that the expected testimony of Mr. Harry E. Russ, Jr., regarding Plaintiff Charmaine Maynard's service dog's training and the requirements for service dog status, is likewise not of critical importance in this civil rights action. The Court cannot speak to the importance of Dr. Steven Katz's testimony, as the substance or purpose of his testimony is unknown.

The Court concludes that Plaintiffs' failure to timely file expert reports and to timely identify certain experts was not substantially justified or harmless. The Court is cognizant of the Third Circuit's statement that "the exclusion of evidence for violation of a discovery order is an 'extreme sanction.'. . ." Id. (citing Dudley v. South Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir. 1917)). However, after weighing all the factors, the Court finds that Plaintiffs' flagrant disregard of the Court's discovery order, the prejudice to Defendants, and the need for an orderly trial

---

[2] In Plaintiffs' Pretrial Memorandum, they designate Dr. Vincent Digiovanni as "Expert Witness, Treating Physician," Dr. Kristine Terry as "Expert Witness, Treating Physician," and Dr. Eugene Stish as "Treating Physician, General Practice Expert Witness." (Doc. No. 115 at 9, 10.) While the Court will exclude any expert testimony from Dr. Digiovanni, Dr. Terry, and Dr. Stish, Plaintiffs will still be allowed to present Dr. Digiovanni, Dr. Terry, and Dr. Stish as lay witnesses pursuant to Federal Rule of Evidence 701. Rule 701 provides that a non-expert witness may nonetheless testify to an opinion, provided that the opinion is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Thus, to the extent that Dr. Digiovanni, Dr. Terry, and Dr. Stish will testify concerning their treating observations and diagnosis, their testimony is allowed. To the extent that Plaintiffs seek to offer these doctors as expert witnesses, their testimony is precluded pursuant to Federal Rule of Civil Procedure 37.

process in this protracted litigation weigh in favor of excluding the expert testimony.

### B. Exclusion of Plaintiffs' and Other Witness's Testimony

Defendants also seek to preclude Plaintiffs and their witnesses "from testifying concerning any of the [P]laintiffs' claims for damages which would require as a predicate the testimony of an expert supporting the same." (Doc. No. 107 at 5.) According to Federal Rule of Evidence 710, a non-expert witness may testify to an opinion, provided that the opinion is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Thus, Plaintiffs and any non-expert witnesses are permitted to testify as to information within their personal knowledge, but are precluded from testifying as to the causation of Plaintiffs' injuries or offering opinions based on medical and scientific knowledge within the scope of Rule 702.

### III. CONCLUSION

In sum, the Court will grant Defendants' motion in limine. Plaintiffs are precluded from presenting expert testimony pursuant to Rule 37(c)(1) as a sanction for Plaintiffs' failure to provide information as required by Rule 26(a). An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARMAINE KLATCH-MAYNARD** | : | |
| and **WILLIAM MAYNARD, H/W,** | : | |
| Plaintiffs | : | **Civil Action No. 3:06-cv-0845** |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **SUGARLOAF TOWNSHIP, et al.,** | : | |
| Defendants | : | |

**ORDER**

NOW, on this 23rd day of May 2011, upon consideration of Defendants Earl Miller, James Schneider, Robert Stanziola, Joyce P. Stevens, and Sugarloaf Township's motion in limine (Doc. No. 106), **IT IS HEREBY ORDERED THAT** Defendants' motion in limine (Doc. No. 106) is **GRANTED**. Plaintiffs are precluded from presenting any expert testimony at trial.

**IT IS FURTHER ORDERED THAT** Defendant John Hudson's motions (Doc. Nos. 109, 110) to join in Defendants Earl Miller, James Schneider, Robert Stanziola, Joyce P. Stevens, and Sugarloaf Township's motion in limine are **GRANTED**.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania