IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARMAINE KLATCH-MAYNARD** and **WILLIAM MAYNARD, H/W,** | : : | |
| Plaintiffs | : : | Civil Action No. 3:06-cv-0845 (Chief Judge Kane) |
| v. | : : | |
| **SUGARLOAF TOWNSHIP, et al.,** Defendants | : : | |

# MEMORANDUM ORDER

Pending before the Court are four separate motions in limine: two filed by Plaintiffs (Doc. Nos. 155, 157), one filed by Defendants Sugarloaf Township, Robert Stanziola, Earl Miller, Joyce P. Stevens, and James Schneider ("Township Defendants") (Doc. No. 150), and one filed by Defendant John Hudson (Doc. No. 152). On July 1, 2011, the Court granted Defendant John Hudson's motion to join in the Township Defendants' motion in limine. (Doc. No. 158.) The Court will address each issue in turn.

**I. PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TOWNSHIP MEETING RECORDS (DOC. NO. 155)**

Plaintiffs first seek to exclude a number of Defendants' exhibits[1], including an audio recording of a Sugarloaf Township Supervisors meeting, attendance registers for various Township meetings, and the minutes of various Township meetings. (Doc. No. 155 ¶¶ 3, 5, 7, 9, 11.) Plaintiffs argue that these exhibits constitute hearsay and are irrelevant. (Doc. No. 156 at 2-3.) Plaintiffs also assert that Defendants have offered no foundation for these exhibits. (Id. at 3.)

---

[1] Specifically, Plaintiffs seek to exclude Exhibits S-39, S-34, S-35, S-36, S-37, S-40, S-41, S-42, S-43, S-44, S-45, S-46, S-47, H-86, H-87, H-88, H-89, H-90, H-91, H-92, H-93, H-94, H-95, H-96, H-97, H-98, H-99, H-100 and H-101. (Doc. No. 155 ¶¶ 3, 5, 7, 9, 11.)

Because the audio recording of the January 10, 2006 Supervisors meeting, Township meeting attendance registers, and Township meeting minutes are public records, these exhibits are admissible under the public records exception to the hearsay rule found in Rule 803(8)(A) of the Federal Rules of Evidence. See Fed. R. Evid. 803(8)(A) (Stating that "records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency . . ." are not excluded by the hearsay rule). Further, Defendants assert that the audio recording is not being offered to establish the truth of what was asserted at the meeting; rather, it is being offered to show what was stated at the meeting. Therefore, the Court must deny Plaintiffs' hearsay objections to the exhibits at this time.

In addition, the Court finds the audio recording to be relevant pursuant to Rule 401 of the Federal Rules of Evidence. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In their complaint, Plaintiffs allege that Defendants Stanziola and Schenider "announced at a Public Meeting that the Plaintiffs refused to pay their taxes for, presumably, numerous years immediately previous to 2006." (Doc. No. 56 ¶ 191.) According to Defendants, the meeting Plaintiffs refer to in their complaint is the Sugarloaf Township Supervisors meeting held on January 10, 2006. (Doc. No. 160 at 2.) Thus, the audio taped recording of this meeting is highly relevant to Plaintiffs' claims. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Plaintiffs argue that the recording is highly prejudicial because Defendants have "cherry-picked" this recording and have failed to offer audio taped recordings of all Township meetings. (Doc.

No. 156 at 2-3.) To the extent that Defendants are correct that the January 10, 2006 Supervisors meeting is the "Public Meeting" referred to in Plaintiffs' complaint (Doc. No. 56 ¶ 191), the Court is unpersuaded by Plaintiffs' argument that Defendants "cherry-picked" this particular audio recording. Accordingly, Plaintiffs' Rule 401 and Rule 403 objections to the audio taped recording must fail.

Plaintiffs also object to the relevance of the Township meeting minutes and attendance registers. (Doc. No. 155 ¶¶ 6, 8, 10, 12.) Defendants argue that these exhibits are relevant to establish who was present at each meeting and the matters that arose. (Doc. No. 160 at 2-3.) In addition, Defendants state that the meeting minutes establish that the January 10, 2006 Supervisors meeting was the only meeting at which Plaintiff Charmaine Maynard's taxes were discussed. (Id. at 3.) The Court agrees with Defendants that the Township meeting minutes and attendance registers are relevant. Therefore, Plaintiffs' Rule 401 objection to these exhibits also fail.

Finally, Plaintiffs object to the exhibits on the basis of chain of custody and foundation. (Doc. No. 155 ¶¶ 4, 6, 8, 10, 12.) Defendants assert that they will present witnesses at trial who will testify to the exhibits' chain of custody and foundation. Accordingly, the Court will defer ruling on Plaintiffs' objections to chain of custody and foundation at this time.

II. **TOWNSHIP DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFFS' DEFAMATION CLAIM AGAINST DEFENDANTS STANZIOLA AND SCHNEIDER FROM BEING SUBMITTED TO THE JURY (DOC. NO. 150)**

In their motion in limine, the Township Defendants seek to exclude any testimony relating to Plaintiffs' defamation claim against Defendants Stanziola and Schneider. (Doc. No. 150 ¶ 1.) Defendants Stanziola and Schneider argue that they have absolute privilege as high

public officials and therefore they have immunity from Plaintiffs' defamation claim. (Doc. No. 151 at 2.) The Court notes that this dispositive issue is improperly brought under a motion in limine. "Motions in limine are inappropriate vehicles to seek a final determination with respect to a substantive cause of action, and should not be used as a substitute for a motion for summary judgment." Mavrinac v. Emergency Med. Ass'n of Pittsburgh, No. 04-1880, 2007 WL 2908007, at *1 (W.D. Pa. Oct. 2, 2007); see also Lafrance v. Grand River Navigation Co., Inc., No. 08-13411, 2010 WL 3768328, at *2 (E.D. Mich. Sept. 21, 2010) ("Motions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine."); Dunn v. State Farm Mut. Auto. Ins. Co., 264 F.R.D. 266, 274 (E.D. Mich. 2009) (collecting cases); Tuttle v. Tyco Elcs. Installation Servs., Inc., No. 2:06-cv-581, 2008 U.S. DIST. LEXIS 12307, at *12-*13 (E.D. Ohio Feb. 7, 2008). The time for dispositive motions has passed, and Defendants have not sought leave of court to file a dispositive motion nunc pro tunc. Accordingly, the Court must deny Defendants' motion in limine on this issue. See, e.g., Mitchell v. Alexander, No. 08-2496, 2010 WL 2622935, at *1 (W.D. Tenn. June 25, 2010) ("Because Defendants failed to raise these issues in a dispositive motion, Defendants' Motions in Limine are denied.").

### III. PLAINTIFFS' MOTION IN LIMINE TO "ALLOW PUNITIVE DAMAGES TO BE AWARDED TO THEM" (DOC. NO. 155)

Plaintiffs' motion in limine asks the Court to "submit their claim for punitive damages to the jury. . . ." (Doc. No. 155 at 1.) Defendants respond that "the issue of whether sufficient evidence has been presented to warrant the issue of punitive damages to [be] submitted to the jury should be decided by the Court at the conclusion of the Plaintiffs' case." (Doc. No. 160 at 3.) The Court agrees. See Bowers v. Nat'l Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 531

(D.N.J. 2008) ("[T]he Court finds that the motion is procedurally improper, in that it calls upon the Court to weigh the sufficiency of the evidence in support of the parties' claims and defenses. . . ."); Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc., 482 F. Supp. 2d 861, 870 (E.D. Mich. 2007) ("To the extent that the defendants are arguing that the facts are insufficient to allow the plaintiff to seek punitive damages from the jury, that argument must be rejected because it should have been raised in a motion for summary judgment."). Therefore, the Court will deny Plaintiffs' motion in limine on this issue.

**IV.  PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE CERTAIN WITNESSES AT TRIAL (DOC. NO. 157)**

In their second motion in limine, Plaintiffs seek to exclude the testimony of witnesses Peter Fagan, Hannah Skellington, James Skellington, and Ciara Skellington. (Doc. No. 157.) In support of their motion, Plaintiffs argue that Defendants have offered no foundation for the witnesses' testimony and that "Plaintiffs believe the purpose of these witnesses is to offer irrelevant, hearsay and excludable character evidence regarding Plaintiffs. . . ." (Doc. No. 157 ¶ 2.) Defendants state that identifying the subject matter of the witnesses' testimony will disclose trial strategy and it is premature for the Court to rule on this issue. (Doc. No. 160 at 5.) Given the parties' opposing representations, it is unclear to the Court whether the witnesses' testimony is admissible. The Court must deny the motion in limine as to these witnesses at this time; however, Plaintiffs may renew their objection to the extent that any testimony provided at trial is irrelevant or inadmissible.

**V.  TOWNSHIP DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY CONCERNING LIABILITY OR DAMAGES, AND TO PRECLUDE ALL TESTIMONY CONCERNING PHYSICAL, PSYCHOLOGICAL, AND EMOTIONAL INJURIES, AND PROPERTY DAMAGES   (DOC. NO. 150)**

Defendants seek to preclude Plaintiffs from presenting any expert testimony regarding liability or damages. (Doc. No. 150 ¶ 2.) Defendants point out that although the Court previously granted their motion in limine on this issue (Doc. No. 130), Plaintiffs refer to expert testimony in their pretrial memorandum. (Id.) Plaintiffs' sole response[2] is that "there will be testimony by doctors and qualified trainer(s) of service dogs which should not be precluded by any Court order." (Doc. No. 161 ¶ 2.) Similarly, Defendants seek to exclude any testimony concerning physical, psychological, or emotional injuries, as well as property damages. (Doc. No. 150 ¶ 3.) The Court will grant Defendants' motion in limine to the extent that Plaintiffs may not present *expert* testimony regarding liability or damages. The Court directs the parties to its May 23, 2011 Memorandum and Order (Doc. No. 130), which bars Plaintiffs from presenting any expert testimony at trial. As the Court stated in its May 23, 2011 Memorandum and Order, Plaintiffs and any non-expert witnesses are permitted to testify as to information within their personal knowledge, but are precluded from testifying as to the causation of Plaintiffs' injuries or offering opinions based on medical and scientific knowledge within the scope of Rule 702. (See Doc. No. 130 at 10.)

## VI. TOWNSHIP DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING TO THE CHANGE IN REPRESENTATION OF DEFENDANT JOHN HUDSON (DOC. NO. 150)

Defendants next seek to preclude Plaintiff from presenting evidence regarding Defendant John Hudson's change in representation in this matter. (Doc. No. 150 ¶ 4.) Defendants argue

---

[2] Plaintiffs filed a response to Defendants' motions in limine. (Doc. No. 160.) The filing contains a brief (Doc. No. 161 at 8-19); however, it is not a brief in opposition. Instead, the brief appears to be Plaintiffs' brief in support of their first motion in limine (Doc. No. 156), copied and pasted several times into a new document.

that this evidence is not relevant to Plaintiffs' claims. (Doc. No. 151 at 3.) Plaintiffs state that this evidence shows "a patently obvious abandonment of [Defendant Hudson] by the Township Defendants, or a rift that exists precisely because of the actions, and other facts. [sic] of the circumstances giving rise to this lawsuit." (Doc. No. 161 ¶ 4.) The Court finds that evidence that Defendant John Hudson changed his representation in this matter is irrelevant to Plaintiff Charmaine Maynard's claims that Defendants violated her civil rights by denying her entry into Township meetings. Even if the Court were to find this evidence to be relevant, the Court would exclude it pursuant to Rule 403 of the Federal Rules of Evidence because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. See Fed. R. Evid. 403. Accordingly, the Court will grant Defendants' motion in limine on this issue. Plaintiffs are precluded from presenting evidence regarding Defendant John Hudson's change in representation in this matter.

### VII. TOWNSHIP DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DEFENDANTS' ACTIONS IN CONNECTION WITH THE HAZELTON AREA SCHOOL DISTRICT TAX APPEAL (DOC. NO. 150)

Defendants state that Plaintiffs appear to intend to introduce evidence regarding the reasoning for and actions of the Township Defendants in regards to the tax appeal of the Hazelton Area School District. (Doc. No. 151 at 3.) In their amended complaint, Plaintiffs raised claims against several additional Defendants, including the Hazelton Area School District ("School District"), which arose out of the School District's legal efforts to challenge Plaintiffs' favorable real estate reassessment decision made by the Luzerne County Board of Assessment Appeals. (Doc. No. 56.) Judge Munley dismissed these new claims on February 8, 2011. (Doc. No. 104.) Nevertheless, Plaintiff argues that evidence relating to the tax appeal "points out the

unique circumstances that Plaintiffs faced vis-á-vis the Township Defendants and [Defendant John Hudson]." (Doc. No. 161 ¶ 5.)  Plaintiffs further state that "[Plaintiff Charmaine Maynard] was the only citizen against which this action was taken. . . ." (Id.)  The Court finds that evidence regarding the tax appeal is irrelevant to Plaintiffs' remaining claims.  Therefore, Defendants' motion in limine on this issue is granted.  Plaintiffs are precluded from presenting evidence regarding the tax appeal.

**VIII.   TOWNSHIP DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE PENNSYLVANIA HUMAN RELATIONS COMMISSION ("PHRC") MATTER FILED BY PLAINTIFF CHARMAINE MAYNARD AND THE PHRC MATTER FILED BY DIANE FISHER (DOC. NO. 150)**

Defendants also seek to exclude evidence relating to two matters filed with the PHRC, one filed by Plaintiff Charmaine Maynard and one filed by Diane Fisher.  (Doc. No. 150 ¶¶ 6, 7.)  Defendants contend that this evidence is not relevant to Plaintiffs' claims.  (Doc. No. 151 at 3.)  Given the parties' opposing representations, it is unclear to the Court whether this evidence is relevant.  The Court must deny Defendants' motion in limine as to this evidence at this time; however, Defendants may renew their objection to the extent that any evidence provided at trial is irrelevant or inadmissible.

**IX.   TOWNSHIP DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF CHARMAINE MAYNARD'S HARDSHIP APPLICATION (DOC. NO. 150)**

Similarly, Defendants seek to exclude evidence regarding Plaintiff Charmaine Maynard's Hardship Application as irrelevant under Federal Rule of Evidence 401.  (Doc. No. 150 ¶ 8.)  Again, based on the information presently before the Court, it is unclear what the Hardship Application consists of and whether it is relevant.  Accordingly, the Court will deny Defendants' motion in limine on this issue; however, Defendants may renew their objection to the extent that

any evidence provided at trial is irrelevant or inadmissible.

## X. TOWNSHIP DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EXHIBITS M61, M62, AND M64 (DOC. NO. 150)

Defendants next seek to exclude Plaintiffs' exhibits M61, M62, and M64[3] because Defendants have not received copies of these documents. (Doc. No. 150 ¶¶ 9-11.) Plaintiffs contend that Defendants are in possession of these documents and that these documents have been referred to several times in discovery. (Doc. No. 161 ¶¶ 9-11.) The Court will deny Defendants' motion in limine at this time, without prejudice to Defendants renewing objections to these exhibits at trial.

## XI. DEFENDANTS' MOTIONS IN LIMINE TO PRECLUDE EVIDENCE REGARDING ALLEGED CORRUPTION IN SUGARLOAF TOWNSHIP OR LUZERNE COUNTY (DOC. NOS. 150, 152)

Finally, the Township Defendants and Defendant John Hudson have both filed motions in limine to exclude evidence regarding alleged corruption in Luzerne County and Sugarloaf Township. (Doc. No. 150 ¶ 12; Doc. No. 152.) The Court agrees with Defendants that this evidence is not relevant pursuant to Rule 401 of the Federal Rules of Evidence. In the Court's May 23, 2011 Memorandum Order, the Court denied Plaintiffs' motion to conduct discovery into this alleged corruption. (Doc. No. 132.) The Court found that the discovery was not likely to lead to evidence relevant to the discrimination or defamation claims alleged in Plaintiffs' complaint. (Id. at 5.) Plaintiffs argue that evidence of the alleged corruption "prove[s] the reason behind the discriminatory treatment of the Plaintiffs. . . ." (Doc. No. 161 ¶ 12.) In their

---

[3] On their Clerk's Exhibit List, Plaintiffs describe Exhibit M61 as "copy of letter from James Schneider re: Sue and Fred Fracke"; Exhibit M62 as "all letters from Plaintiffs to Defendants"; and Exhibit M64 as "any and all documents related to any sheriff sale of Plaintiff's real property." (Doc. No. 148 at 3.)

complaint, Plaintiffs aver that Defendants violated Plaintiff Charmaine Maynard's civil rights by denying her access to Sugarloaf Township meetings due to her service dog and her disability, not because of any alleged corruption. (Doc. No. 56.) Indeed, the complaint is void of any allegations regarding corruption. Even if the Court were to find this evidence to be relevant, the Court would exclude the evidence pursuant to Rule 403 of the Federal Rules of Evidence because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. See Fed. R. Evid. 403. Accordingly, the Court will grant Defendants' motions in limine on this issue. Plaintiffs are precluded from presenting evidence regarding the alleged corruption in Luzerne County and Sugarloaf Township.

**AND NOW**, on this 9th day of August 2011, it is **HEREBY ORDERED THAT** the parties' motions in limine (Doc. Nos. 150, 152, 155, 157) are granted in part and denied in part in accordance with the foregoing analysis.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania