IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARMAINE KLATCH-MAYNARD** and **WILLIAM MAYNARD, H/W,** | : : | |
| Plaintiffs | : : | Civil Action No. 3:06-cv-00845 |
| v. | : : | (Chief Judge Kane) |
| **SUGARLOAF TOWNSHIP, et al.,** Defendants | : : : | |

<u>**MEMORANDUM**</u>

Presently pending before the Court is a motion for summary judgment <u>nunc</u> <u>pro</u> <u>tunc</u> filed by Defendants Sugarloaf Township, Robert Stanziola, Earl Miller, Joyce P. Stevens, and James Schneider ("Township Defendants"). (Doc. No. 187.) For the reasons stated more fully herein, the Court will grant the motion in part and deny the motion in part.

**I.   BACKGROUND**

According to Plaintiffs, Defendants Robert Stanziola, who serves as a Sugarloaf Township supervisor, and James Schneider, who serves as the Sugarloaf Township solicitor, referred to Plaintiffs as "tax cheats" during at least one Sugarloaf Township meeting, which was held "on or after December 2005."[1] (Doc. No. 56 ¶¶ 11, 13; Doc. No. 188-1 at 141:9-21, 141:23-24, 142:1-4, 142:5-9.) Specifically, Plaintiffs allege in their amended complaint that "Defendants Schneider and Stanziola intentionally and fraudulently announced at a Public Meeting that the Plaintiffs refused to pay their taxes for, presumably, numerous years immediately previous to 2006." (Doc. No. 56 ¶ 191.) Plaintiffs also assert that Defendant

---

[1] Upon review of the parties' pleadings and briefs, it is not clear whether Plaintiffs are alleging that Defendants Schneider and Stanziola made defamatory statements about both Mr. Maynard and Ms. Klatch-Maynard or only about Ms. Klatch-Maynard. (<u>See</u> Doc. No. 191 at 7.)

Schneider made similar defamatory statements about Plaintiffs to John McGill, a local businessman. (Doc. No. 191 at 7.)

The exact date or dates of the Township meetings at which Defendants Schneider and Stanziola made the defamatory statements are in dispute. The Township Defendants allege that the meeting that Plaintiffs refer to in their amended complaint was held on January 10, 2006. (Doc. No. 188 ¶ 7.) They also assert that an audio recording of, and minutes from, this meeting reflect that no person said the words, "tax cheat." (Doc. No. 188 ¶ 8.) Plaintiffs, however, have not identified the date of the meeting or meetings upon which their defamation claim is based. (See Doc. No. 191 at 3-4, 9-11.) In fact, in their counter statement of facts, they make clear that "the evidence produced by them, [has] never mentioned the specific date upon which the Defendants seek to base the entire claim." (Id. at 2.)

Plaintiffs initiated this action by filing a twenty-count complaint on April 24, 2006.[2] (Doc. No. 1.) Plaintiffs filed an amended complaint on August 7, 2009. (Doc. No. 56.) Trial was scheduled for August 16, 2011 (Doc. No. 159), but the Court continued trial on August 8, 2011 after finding that the parties were not prepared to proceed to trial (Doc. No. 171). On August 10, 2011, the Township Defendants filed a motion for leave to file a motion for summary judgment nunc pro tunc, addressing the issue of absolute privilege with respect to Plaintiffs' defamation claim. (Doc. No. 174.) The Court granted the motion on December 22, 2011 (Doc. No. 186), and the Township Defendants filed the instant motion for summary judgment, a brief in support, and statement of facts on January 5, 2012 (Doc. Nos. 187, 188, 189). Plaintiffs filed a

---

[2] The action was originally assigned to the Honorable James Munley. On March 31, 2011, it was reassigned to this Court. (Doc. No. 118.)

brief in opposition and counter statement of facts on January 20, 2012. (Doc. No. 191.)

## II.      STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted.

Celotex, 477 U.S. at 322.  With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative.  Anderson, 477 U.S. at 249-50.  There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts.  Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### III.    DISCUSSION

The sole issue that the Township Defendants raise in their motion for summary judgment is whether the doctrine of absolute privilege under Pennsylvania law immunizes Defendants Schneider and Stanziola from liability arising out of the allegedly defamatory statements they made about Plaintiffs during at least one Sugarloaf Township meeting.  (Doc. No. 189 at 6.)  The doctrine of absolute privilege for high public officials under Pennsylvania law

> is unlimited and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, <u>provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or as it is sometimes expressed, within his jurisdiction</u>.

Heller v. Fulare, 454 F.3d 174, 177 (3d Cir. 2006) (quoting Matson v. Margiotti, 88 A.2d 892, 895 (Pa. 1952) (emphasis in original)).  The privilege "rests upon the . . . idea that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation."  Lindner v. Mollan, 677 A.2d 1194, 1195 (Pa. 1996) (quoting Montgomery v. City of Phila., 140 A.2d 100, 102 (1958)).

Viewing the facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have not identified evidence of record reflecting that Defendant Stanziola made any defamatory statements outside of a Township meeting.[3] Plaintiffs, however, have pointed to evidence of record supporting the inference that Defendant Schneider made defamatory statements about Plaintiffs to John McGill outside of a Township meeting. (Doc. No. 188-1 at 142:8-10.) The Court, therefore, will first consider Defendant's argument regarding absolute privilege with respect to the statements allegedly made by Defendants Stanziola and Schneider during a Township meeting and then consider the argument with respect to the statements allegedly made by Defendant Schneider outside of a Township meeting.

### A. Statements Allegedly Made During a Township Meeting

At the outset, the Court notes that Plaintiffs vehemently challenge the Township Defendants' assertion that no defamatory statements referring to Plaintiffs were made during the January 10, 2006 meeting. According to Plaintiffs, the Court should not focus its "immense attention to detail upon this microbial point of one date and one time" because "[t]his date is arbitrary, ambiguous and does not relate in any unique way to the Plaintiff[s'] claims without every other recorded meeting." (Doc. No. 191 at 9-10.) Plaintiffs advise the Court to "not allow its concentration to be benighted by such a ploy – as if." (Id. at 10.) In Plaintiffs' view, the Township Defendants should produce the recordings of, and minutes from, "every other recorded meeting" – even though Plaintiffs have not identified the specific meetings on which they base

---

[3] In their brief in opposition, Plaintiffs state that Defendants Stanziola and Schneider made defamatory statements "either during or just after one of the" Township meetings. (Doc. No. 191 at 7.) To support this statement, Plaintiffs cite to a portion of the transcript of Ms. Klatch-Maynard's deposition in which Ms. Klatch-Maynard does not state that Defendant Stanziola made these statements outside of a meeting. (Doc. No. 188-1 at 142:5-10.)

their defamation claim. (Id.) Of course, because they will bear the burden of proof at trial, Plaintiffs have an obligation to put forth evidence that a defamatory statement was made. This obligation includes putting forth evidence that a defamatory statement was made on a particular date. The defendants in a defamation action do not have the burden to prove a negative, that is, they need not account for every statement they have ever made to establish that never in their lives have they uttered the allegedly defamatory words.

Even if the Court were to relieve Plaintiffs of their burden to allege when Defendants Stanziola and Schneider made the statements in question, however, the Court would still grant the instant motion with respect to the statements allegedly made during a SugarloafTownship meeting because there is no dispute regarding Defendant Schneider's position as solicitor of Sugarloaf Township or Defendant Stanziola's position as a supervisor of Sugarloaf Township. First, Plaintiffs make no argument in opposition to the Township Defendants' contention that Defendants Schneider and Stanziola were acting as high public officials at the time they allegedly made the defamatory statements at the Township meeting or meetings. The Pennsylvania Supreme Court has explained that the "determination of whether a particular public officer is protected by absolute privilege" is determined on a case-by-case basis and depends on "the nature of his duties, the importance of his office, and particularly whether or not he has policy-making functions." Lindner, 677 A.2d at 1198 (quoting Montgomery, 140 A.2d at 105). Pennsylvania courts have found that a wide variety of officers, including township supervisors and solicitors, qualify as high public officials, even if their positions lack a substantial policy-making function. See id. (collecting cases); Jonnet v. Bodick, 244 A.2d 751, 753 (Pa. 1968) (holding that Township supervisors "are within the class of 'high public officials' protected by absolute

privilege"); Alston v. PW-Phila. Weekly, 980 A.2d 215, 218 & n.3 (Pa. Commw. Ct. 2009) (granting preliminary objections filed by the city solicitor and mayor on the basis that they were immune by virtue of their "high public official" status). In light of this legal authority, the Court finds that Defendants Schneider and Stanziola qualify as high public officials for purposes of the doctrine of absolute privilege.

Second, the Court must determine whether Defendants Schneider and Stanziola were acting within the scope of their duties at the time they made the allegedly defamatory statements. To make this determination, Pennsylvania courts consider two factors: "(1) the formality of the forum in which the alleged defamation occurred; and (2) the relationship of the legitimate subject of the governmental concern to the person seeking damages." Heller, 454 F.3d at 178 (citing Hall v. Kiger, 795 A.2d 497, 501 (Pa. Commw. Ct. 2002)). Because Plaintiffs' claim is based on statements made during at least one official Township meeting, which is an unquestionably formal forum for the purposes of this analysis, the Court will focus on the second consideration.

The Pennsylvania Commonwealth Court has recognized that "the collection of taxes is a principal function of government." Factor v. Goode, 612 A.2d 591, 593 (Pa. Commw. Ct. 1992). In Factor, the mayor of Philadelphia and the revenue commissioner of Philadelphia "announced the names of twenty property owners with the highest delinquent real state taxes," including the appellants, and described them as "deadbeats and tax cheats who think that they're above the law." Id. at 592 (internal quotation marks omitted). The appellants brought a defamation suit against the mayor and the revenue commissioner, who argued that they were entitled to absolute immunity under the doctrine of absolute privilege. Id. at 592-93. The court found that the mayor and the revenue commissioner were entitled to immunity because "the public has a reasonable

concern with the status of delinquent property taxes and the reasons thereof;" thus, the statements regarding the appellants and the other property owners were made within the scope of their duties and authority. Id. at 593. Based on this reasoning, the Court finds that Defendants Schneider and Stanziola's alleged statements relate to a principal function of government and were made within the scope of their official duties. Accordingly, Defendants Schneider and Stanziola are entitled to absolute immunity for statements made during Township meetings.

Finally, the Court will briefly address Plaintiffs' apparent argument that 42 Pa. C.S. § 8550 abrogates a high public official's absolute immunity to lawsuits arising out of defamatory statements.[4] (See Doc. No. 191 at 8-9.) Section 8550, titled "Willful misconduct," provides:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa. C.S.A. § 8550. Plaintiffs' argument must fail because the Pennsylvania Supreme Court has made clear that Section 8550 "does not abrogate the common law doctrine of absolute privilege afforded high public officials." Lindner, 677 A.2d at 1198; see also Osiris Enters. v. Borough of Whitehall, 877 A.2d 560, 566 (Pa. Cmwlth. 2005) ("42 Pa. C.S. § 8500 . . . does not abrogate the privilege of high public official immunity from suit.").

Plaintiffs also cite a number of cases in their brief in opposition that involve whether the

---

[4] Plaintiffs do not specifically articulate this argument in their brief in opposition but do quote the language of Section 8550 directly under a heading titled "High Official Immunity" and contend that their allegations of the Township Defendants' willful misconduct "defeat any inkling of privilege or immunity for so called 'high public officials.'" (Doc. No. 191 at 8-9.)

publisher of a defamatory statement is entitled to a conditional privilege. See Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pa., 872 A.2d 1202 (Pa. Super. Ct. 2005); Moore v. Cobb-Nettleton, 889 A.2d 1262 (Pa. Super. Ct. 2005); Rutt v. Bethlehem's Globe Publ'g Co., 484 A.2d 72 (Pa. Super. Ct. 1984). A conditional privilege often "arises when a recognized interest of the public is involved." See, e.g., Moore, 889 A.2d at 1268. A conditional privilege, however, is distinct from absolute privilege, which is the privilege at issue here. See Biggans v. Foglietta, 170 A.2d 345, 347 (Pa. 1961) (recognizing that while the defendant was not entitled to absolute privilege for an allegedly libelous letter, "[i]magination can conjure up a dozen scenarios to indicate conditional privilege"); McKibben v. Schmotzer, 700 A.2d 484, 488 n.4 (Pa. Super. Ct. 1997). Therefore, the Court rejects the arguments Plaintiffs advance based on these cases.

### B. Statements Allegedly Made Outside a Township Meeting

Record evidence supports the fact that Defendant Schneider made defamatory statements about Plaintiffs to Mr. McGill outside of a Township meeting. (Doc. No. 188-1 at 142:8-10.) The Court, therefore, cannot conclude that Defendant Schneider was acting within the scope of his duties as the solicitor of Sugarloaf Township at this time. Accordingly, the Court will not enter summary judgment in Defendant Schneider's favor with respect to any statements Defendant Schneider made to Mr. McGill outside of a Township meeting.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Defendants Schneider and Stanziola are entitled to absolute immunity from suit in connection with the allegedly defamatory statements they made during any Sugarloaf Township meetings. Defendant Schneider, however, is not entitled to absolute immunity for any allegedly defamatory statements he made to Mr.

McGill outside of a Township meeting.  Accordingly, the Court will grant the Township Defendants' motion for summary judgment (Doc. No. 187) on the defamation claim raised in Count XIV of Plaintiffs' amended complaint, except with respect to any statements Defendant Schneider made to Mr. McGill.  An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARMAINE KLATCH-MAYNARD** and **WILLIAM MAYNARD, H/W,** | : : | |
| Plaintiffs | : : | Civil Action No. 3:06-cv-00845 (Chief Judge Kane) |
| v. | : : | |
| **SUGARLOAF TOWNSHIP, et al.,** Defendants | : : : | |

## ORDER

AND NOW, on this 20th day of August 2012, upon consideration of the motion for summary judgment nunc pro tunc filed by Defendants Sugarloaf Township, Robert Stanziola, Earl Miller, Joyce P. Stevens, and James Schneider (Doc. No. 187), **IT IS HEREBY ORDERED THAT:**

1. The motion is **GRANTED** to the extent that the defamation claim raised in Count XIV of Plaintiffs' amended complaint is based on defamatory statements made by Defendants Schneider and Stanziola during a Sugarloaf Township meeting;

2. The motion is **DENIED** to the extent that the defamation claim raised in Count XIV is based on defamatory statements made by Defendant Schneider outside of a Sugarloaf Township meeting; and

3. A revised scheduling order will follow.

       S/ Yvette Kane  
       Yvette Kane, Chief Judge  
       United States District Court  
       Middle District of Pennsylvania