IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE KLATCH-MAYNARD and WILLIAM MAYNARD, Plaintiffs, v. SUGARLOAF TOWNSHIP, SUGARLOAF TOWNSHIP BOARD OF SUPERVISORS, ROBERT STANZIOLA, EARL MILLER, JOYCE P STEVENS, POLICE CHIEF JOHN HUDSON, AND JAMES SCHNEIDER, Defendants. | Civil Action No. 3:06-CV-0845 (Judge Brann) |

**MEMORANDUM**
**April 26, 2013**

This civil rights action, commenced on April 26, 2006, is set for trial on May 13, 2013. Pending before the court is defendants Earl Miller and James Schneider's ("Sugarloaf defendants") Motion for Reconsideration re 131 Order on Motion in Limine , ECF No. 212, in which defendant Police Chief John Hudson ("Chief Hudson") joins, Def. Mot., ECF No. 214.

I. FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2013, the court held an in-person pretrial conference in this matter with counsel of record. An order resulting from that conference was issued on March 20, 2013, which set forth a schedule by which all pretrial matters were to be conducted and completed. Schd. Order, ECF No. 209. Specifically, all parties were required to file any motions in limine by April 8, 2013. Id. Any responses to such motions were to be filed by April15, 2013. Id. The order also provided for the deposition of Joanne Morganti to be taken by April 10, 2013. Id. To date,

only the defendants have filed motions in limine and plaintiff has failed to file any briefs opposing these motions.

The Sugarloaf defendants request this court to reconsider an evidentiary issue that the court ruled on by way of a motion in limine when this case was set for trial in August, 2011. By order dated May 23, 2011, ECF No. 131, Chief Judge Yvette Kane excluded evidence of plaintiff's prior criminal convictions from being introduced at trial. That trial, however, was subsequently continued pending further order of the court and the parties moved, again, for summary judgment.[1] On August 20, 2012, the court granted in part and denied in part defendants' motion for summary judgment, ECF No. 195, and set trial on the remaining issues for March 11, 2013, Schd. Order, ECF No. 197. The case was reassigned to the undersigned on January 19, 2013 and made subject to the current scheduling order. Schd. Order, ECF No. 206.

Since the court issued its May 23, 2011 order on the admissibility of plaintiff's past convictions, defendants claim that evidence has come to light that warrants a reconsideration of this issue. Defs. Mot. Recons., ECF No. 212. Specifically, defendants point to the sworn statement of Joanne Morganti, a fact witness originally identified by the plaintiff, who now claims that she was solicited by plaintiff to fabricate eye-witness testimony of the alleged interaction between plaintiff and defendant Hudson. Defs. Mot. Recons., Ex. D, ECF No. 212-4.

Court records from the Courts of Common Pleas of Schuylkill, Berks and Lehigh Counties, Pennsylvania reveal plaintiff's criminal history. On January 12, 1989, plaintiff was

---

[1]The parties' first summary judgment briefing commenced in September 2007 and ended with an order granting in part and denying in part the motion on August 27, 2008. See ECF Nos. 26-39.

2

convicted of theft by deception (18 Pa. C.S.A. § 3922), theft by failing to make required disposition of funds (18 Pa. C.S.A. § 3927), theft by unlawful taking (18 Pa. C.S.A. § 3921), and tampering with public records (18 Pa. C.S.A. § 4911, 4101). On August 7, 1991, plaintiff plead no contest to receiving stolen property (18 Pa. C.S.A. § 3925). See Defs. Mot. Recons., Exs. A-C, ECF No. 212-1 - 212-3. Although these convictions are all between twenty-two (22) and twenty-four (24) years old, as of March 19, 2013, plaintiff was delinquent in making restitution payments in connection with these various convictions. Id.

II. DISCUSSION

    A. Reconsideration of the Motion in Limine

Defendants ask the court to reconsider the ruling on a prior motion in limine excluding evidence that defendants intend to introduce at trial. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999); and see Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 2012 WL 5296165 (M.D. Pa. Oct. 25, 2012) (Caputo, J.)

The standard for reconsidering a motion in limine is somewhat unsettled as such a motion is not specifically recognized by any of the Federal Rules of Civil Procedure. Burger v. Mays,

3

176 F.R.D. 153, 155 (E.D. Pa. 1997) (Antwerpen, J.). Both Fed. R. Civ. P. 59(e) and 60(b) only address *final* judgements or orders of the court. See Id. Motions in limine, by contrast, are preliminary in nature as they are made before or during trial to exclude anticipated prejudicial evidence before that evidence is actually offered. See Luce v. United States, 469 U.S. 38,40, n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). As such, rulings on such motions are subject to change as the case unfolds, even if "nothing unexpected" happens at trial. See Id. at 41 (" . . . . district judge is free, in the exercise of sound discretion, to alter a previous in limine ruling.") While pretrial rulings on the admissibility of evidence are helpful to the litigants in planning their trial strategy and handling disputes in advance, they are difficult to make without the benefit of the larger factual picture that develops during trial See 1 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 1:11 (3d ed. 2012).

 This is especially true in the instant matter, where the prior ruling was made nearly two years ago, in anticipation of a trial date that never came to pass, and where the issues of the case were subsequently narrowed following successive summary judgment briefing. Of particular importance here is evidence of plaintiff's alleged attempt to suborn perjury from a witness who now appears on both parties' witness lists. These circumstances present a factual picture that is both different from and larger than what was before the court when it ruled on the admissibility of this evidence on May 23, 2011. Accordingly, the court will consider, anew, the issue of whether to admit evidence of plaintiff's prior convictions in light of this information.

4

B.    Plaintiff's Prior Convictions

1.    Legal Standard

Fed. R. Evid. 609 delineates the circumstances under which evidence of a witness's past criminal convictions may be introduced to impeach their credibility. Generally, where the crime is punishable by a sentence of more than one year imprisonment, or if the crime involved required proof of a dishonest act or false statement by the witness, such evidence must be admitted for impeachment purposes. See Fed. R. Evid. 609; Green v. Bock Laundry Mach. Co., 490 U.S. 504, 527, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989). However, for convictions over ten years old, evidence of the conviction is admissible *only* if its probative value as impeachment evidence, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, and the proponent of the evidence provides reasonable written notice to the adverse party of the intent to use such evidence at trial. See Fed. R. Evid. 609(b). It is intended that such convictions will rarely be admitted and only in exceptional circumstances. See Fed. R. Evid. 609 advisory committee's note (1974 Enactment, Note to Subdivision (b)); and see Trindle v. Sonat Marine Inc., 697 F.Supp. 879, 882 (E.D. Pa. 1988) (Reed, J.) (convictions older than ten years are generally considered to be so prejudicial that, at the time the Federal Rules of Evidence were promulgated, there was much debate as to whether such convictions should always be inadmissible). When considering whether to admit these convictions, the court is expected to give the party against whom the conviction is introduced a full and adequate opportunity to contest its admission. Id.

The court must decide whether the probative impeachment value of these convictions is substantially outweighed by the danger of unfair prejudice they may pose to the plaintiff. Among the factors to be considered when making this determination are: (1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the centrality of the witness' credibility; (5) the impeachment value of the prior crime; and (6) the similarity of the past crime to the case sub judice. See e.g., Pettijohn v. Wusinich, 705 F.Supp. 259, 260 (E.D. Pa. 1989) (citing Government of Virgin Islands v. Bedford, 671 F.2d 758, 761 n. 4 (3rd Cir. 1982) and applying factors to plaintiff-witness in § 1983 case); Robinson v. Clemons, 1998 WL 151285, at *3 (D. Del. March 24, 1998) (Schwartz, J.) (requiring compelling facts and circumstances to introduce fifteen-year-old conviction). The court believes that the facts and circumstances of this case warrant the admissibility of some of plaintiff's past convictions, as discussed below.

2. Importance of Witness's Testimony and Credibility

The third and fourth factors focus on the witness's role in the present litigation and how important her testimony and credibility is to the success of that litigation. Here, both parties include plaintiff on their witness lists and while her testimony will likely be offered to support all of her claims against the defendants, it will be most important to her claim against Chief Hudson. Specifically, plaintiff claims that defendant Hudson ejected her from the township meeting, telling her that her dog was not allowed, and if the dog appeared at another meeting, it would be put down. See e.g., Pl. Pretrial Mem., ECF No. 207; Compl., ECF No.1. This alleged altercation

6

– which Chief Hudson vehemently denies – discouraged plaintiff from attending any subsequent township meetings, amounting to an alleged violation of her constitutional rights. See Id.

The substance of this altercation, then, will be crucial to plaintiff's success on her claim against defendant Hudson. Because it is unclear whether either party can provide additional witnesses to competently testify as to this interaction between plaintiff and Chief Hudson, resolution of the issue will likely come down to whose word is to be believed – plaintiff's or defendant's. This is the very heart of credibility. See Robinson, 1998 WL 151285, at *4 (credibility of witness was especially important where the case was largely a contest of stories between witness and officers). The significance of plaintiff's testimony and credibility is buttressed by the proffered evidence of Joanne Morganti who claims that plaintiff asked her to fabricate testimony regarding a similar altercation between plaintiff and one of the Sugarloaf defendants whereby plaintiff was again denied access to a township meeting on account of her service dogs. See Defs. Mot. Recons., Ex. E, ECF No. 212. Thus, plaintiff's credibility and testimony is crucial to the success of her sole claim against Chief Hudson and weighs in favor of admitting the convictions for impeachment purposes.

### 3. The Past Crimes

The remaining factors focus on the nature of the past convictions seeking to be introduced and the court will take up each in turn. In considering the type of crime involved, the court asks whether the past conviction involved dishonesty, false statements, or any other offense in the nature of crimen falsi. See Walker v. Horn, 385 F.3d 321, 334 (3rd Cir. 2004); and see Fed. R. Evid. 609(a)(2) advisory committee's notes. Crimes of this nature are believed to have a high

7

value of impeachment – the only proper purpose served by admitting past convictions – because they bear directly on a witness's propensity to testify truthfully.  Id.; and see Cree v. Hatcher, 969 F.2d 34, 38 (3rd Cir. 1992).

The court also considers the similarity between the past conviction and the case at bar. See Robinson, 1998 WL 151285, at *3.  The more similar the two matters are, the more likely a jury is to consider the past convictions of a witness for the impermissible purpose of showing that the witness has engaged in the same behavior in the instant litigation.  See Robinson, 1998 WL 151285, at *3 (defendants are not permitted to prove their affirmative defense by establishing that because plaintiff committed certain acts in the past, he probably committed them in this case); United States v. Hans, 738 F.2d 88, 94 (3rd Cir. 1984) (properly deciding that assault conviction was too similar to a charge of bank robbery to be admissible under Fed. R. Evid. 609, without being unduly prejudicial); Fed. R. Evid. 404(b) (forbidding the use of past crimes, wrongs and acts to prove the character of person in order to show action in conformity with the prior act).

Finally, the court notes the age of the convictions at issue.  Because all of the crimes are between twenty-two and twenty-four years old, this factor weighs against their admissibility.

    a.  Theft by Unlawful Taking

On January 12, 1989, plaintiff was convicted of two counts of theft by unlawful taking, which is essentially garden-variety theft.[2]  It is well-established in this Circuit that theft is not

---

[2] 18 Pa. C.S.A. § 3921 defines theft of movable or immovable property as the unlawful taking or exercise of control over the property of another, or any interest therein, with the intent to deprive him thereof.

8

crimen falsi, as it simply does not involve dishonesty or false statements. See United States v. Johnson, 388 F.3d 96, 100-102 (3rd Cir. 2004) (agreeing with parties that district court admitted theft conviction in error under Fed. R. Evid. 609(a)(2)); United States v. Potter, 2009 WL 320605, at *3, n. 3 (E.D. Pa. February 6, 2009) (Sanchez, J.) (citing to Johnson for the proposition that theft is not crimen falsi); and see Jackson v. City of Pittsburgh, 2010 WL 2511380, at *2 (W.D. Pa. June 17, 2010) (Fischer, J.) (same). As such, plaintiff's theft convictions under § 3921 have little, if any, impeachment value and do not bear on her propensity to testify truthfully in the case before this court. Admitting evidence of these convictions would serve no proper purpose and only unfairly prejudice plaintiff.

b. Theft by Deception - False Impression

As indicated by its name, theft by deception- false impression, 18 Pa. C.S.A. § 3922(a)(3)[3], is a crime whose nature clearly falls within the purview of crimen falsi. The crime is predicated upon acts of deceits and therefore embodies the very reason courts allow impeachment of a witness by this type of evidence – to show one's propensity for testifying truthfully. See Fed. R. Evid. 609(a) advisory committee's notes,1974 Enactment (" . . . . the committee means . . . . any other offense, in the nature of crimen falsi the commission of which involves some element of untruthfulness, deceit or falsification bearing on the accused's propensity to testify truthfully.") This is especially important where, as here, the credibility of

---

[3] 18 Pa. C.S.A. § 3922 § A3 defines theft by deception as intentionally obtaining or withholding property of another by failing to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

9

the witness is crucial to establish a claim at issue. Additionally, plaintiff's theft conviction is entirely unrelated to the case at hand – a civil rights lawsuit alleging that she was denied her access to public space, so there is little risk that a jury might dismiss her claims solely on account of this past conviction.

      c.  Tampering with Public Records

In the same vein as theft by deception are plaintiff's four-count convictions of tampering with public records or information.[4] Such convictions are also clearly <u>crimen</u> <u>falsi</u>, of the type contemplated by Fed. R. Evid. 609. While the specific contours of <u>crimen</u> <u>falsi</u> have not been delineated, the Third Circuit has described such crimes in terms of those which touch on the honesty of the witness and involve communicative, or expressive dishonesty. <u>See</u> <u>Government of the Virgin Islands v. Toto</u>, 529 F.2d 278, 281 (3rd Cir. 2004). Intentionally falsifying a document is precisely the type of communicative dishonesty described by the Third Circuit and can be properly used to impeach the witness's credibility for testifying truthfully in the case at hand. Such a conviction shows that the witness is willing to render false statements under the pretense of official business for financial gain. <u>See</u> <u>Herbst v. L.B.O. Holding, Inc.</u>, 783 F.Supp.2d 262, 266 (D. N.H. 2011) (LaPlante, J.) (mail fraud conviction shows willingness of witness to defraud others to improve his own financial situation). This bears directly on whether

---

[4] 18 Pa. C.S.A. § 4911(a)(1) makes it a crime to knowingly make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government. 18 Pa. C.S.A. § 4101(a) defines the crime of forgery, which includes intentionally altering the writing of another or manipulating such a writing so that it purports to be the act of another who did not authorize that act; or uttering any writing known to be forged as described above.

plaintiff's version of the incident with defendant Hudson should be believed. Moreover, tampering with public records is entirely dissimilar to the facts and issues raised by this lawsuit.

        d.      Receiving Stolen Property

On August 7, 1991, plaintiff pled no contest to receiving stolen property, 18 Pa. C.S.A. § 3925.[5] Defs. Mot. Recons., Ex. C, ECF No. 212-3. The statutory language of § 3925 is akin to that of § 3921 (garden-variety theft) as there are no additional elements of this crime showing dishonesty or falsehoods. See Potter, 2009 WL 320605, at *3, n. 3 ("If theft is not crimen falsi, then arguably receiving stolen property is not crimen falsi."); and see Jackson, 2010 WL 2511380, at *2-3 (comparing theft under § 3921 to retail theft and holding that the later clearly requires proof of dishonest actions – removing from the product a security device whose purpose is to prevent theft of the product – more than what is required of a theft conviction under § 3921). Although intentionally holding property known to be stolen may carry an air of dishonesty, there is nothing communicative about that act which brings in within the ambit of the Third Circuit rule. See Walker, 385 F.3d at 334. Accordingly, plaintiff's conviction for receiving stolen property will not be considered crimen falsi and therefore has little, if any, probative value.

---

[5]A person is guilty of theft under this statue if he intentionally receives, retains, or disposes of another's property knowing or believing that it has probably been stolen without intent to restore it to the owner.

e. Theft by failing to deposit funds

Plaintiff's conviction for failing to make required disposition of funds under 18 Pa. C.S.A. § 3927(a)[6], is more akin to receiving stolen property than theft by deception. Like the crime of receiving stolen property, § 3927(a) contains the air of dishonesty. This does not, however, come within the principles enunciated by the Court in Toto. 529 F.2d at 281. Failing to deposit funds is not an act expressing or communicating dishonesty. Id. As such, the court cannot say this conviction is crimen falsi, and contains any proper impeachment value.

4. Admission of Past Convictions

The court finds that there are sufficient facts and circumstances to warrant allowing evidence of plaintiff's convictions of theft by deception and tampering with public records. Plaintiff's convictions of these two crimes present probative value that substantially outweighs their prejudice in light of the nature of those crimes, the importance of plaintiff's credibility and testimony in this case, and considering that defendant intends to introduce evidence that plaintiff has suborned perjury. Evidence of these convictions may be admitted subject to Joanne Morganti's testimony that plaintiff solicited her to fabricate testimony. Unless and until such evidence is properly admitted, no evidence of plaintiff's prior convictions shall be brought to the jury's attention.

---

[6] 18 Pa. C.S.A. § 3927(a) defines theft by failure to make required disposition of funds as obtaining property upon agreement to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition.

12

The court additionally notes that plaintiff has had ample notice of defendants' intent to introduce her past convictions. The matter was raised as a likely subject for a motion <u>in limine</u> at the March 18, 2013 pretrial conference, and in a timely-filed motion. Defs. Mot. Recons., ECF No. 212. Nevertheless, plaintiff has failed to oppose or contest the admission of the evidence in any way.

III. CONCLUSION

Accordingly, for the reasons stated herein, defendants' motions, ECF Nos. 212, 214, are granted in part and denied in part as follows:

1. Defendants may introduce evidence of plaintiff's theft by deception and tampering with public records and information convictions subject to the admission of Joanne Morganti's testimony.

2. Defendants may not introduce evidence of plaintiff's other past convictions.

An order follows.

  s/Matthew W. Brann
Matthew W. Brann
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARMAINE KLATCH-MAYNARD and WILLIAM MAYNARD, | : : | Civil Action No. 3:06-CV-0845 |
| Plaintiffs, | : : | (Judge Brann) |
| v. | : : | |
| SUGARLOAF TOWNSHIP, SUGARLOAF TOWNSHIP BOARD OF SUPERVISORS, ROBERT STANZIOLA, EARL MILLER, JOYCE P STEVENS, POLICE CHIEF JOHN HUDSON, AND JAMES SCHNEIDER, | : : : : : : | |
| Defendants. | : | |

**O R D E R**

**AND NOW,** this 26th day of April, 2013, the defendants' Motion for Reconsideration re 131 Order on Motion in limine, ECF No. 212, and Motion in limine, ECF No. 214, are hereby **GRANTED IN PART** and **DENIED IN PART,** as follows:

1. Defendants may introduce evidence of plaintiff's theft by deception and tampering with public records convictions subject to the admission of Joanne Morganti's testimony.

2. Defendants may not introduce evidence of plaintiff's other past convictions.

                                        s/ Matthew W. Brann
                                        Matthew W. Brann
                                        United States District Judge