IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE KLATCH-MAYNARD and WILLIAM MAYNARD, Plaintiffs, v. SUGARLOAF TOWNSHIP, SUGARLOAF TOWNSHIP BOARD OF SUPERVISORS, ROBERT STANZIOLA, EARL MILLER, JOYCE P STEVENS, POLICE CHIEF JOHN HUDSON, AND JAMES SCHNEIDER, Defendants. | Civil Action No. 3:06-CV-0845 (Judge Brann) |

**MEMORANDUM AND ORDER**
**April 30, 2013**

This civil rights action, commenced on April 26, 2006, is set for trial on May 13, 2013. Pending before the court is defendant Police Chief John Hudson's ("Chief Hudson") Motion in Limine, ECF No. 215, to excuse his continuous presence at trial. For the reasons stated herein, defendant's motion will be granted.

I. BACKGROUND

On March 18, 2013, the court held an in-person pretrial conference in this matter with counsel of record. An order resulting from that conference was issued on March 20, 2013, which set forth a schedule by which all pretrial matters were to be conducted and completed. Schd. Order, ECF No. 209. Specifically, all parties were required to file any motions in limine by April 8, 2013. Id. Any responses to such motions were to be filed by April 15, 2013. Id. Pursuant to that order Chief Hudson filed the instant motion. Although plaintiff does not concur with this motion, she has failed to file any opposing brief.

Defendant suffers from a severe brain injury, which was sustained in March 2011 and causes him to experience excessive daytime sleepiness. Dr. Carol Ulloa, defendant's treating physician notes that it "may be very difficult for John to attend frequent long trial days." Def. Mot. Limine, Ex. A, ECF No. 218. Accordingly, defendant requests to be excused from trial early, on certain days, as his health permits. Plaintiff opposes this request.

II. DISCUSSION

The court is aware of no authority – and neither party has pointed to any – that requires the presence of a party at trial. And unlike in a criminal proceeding, defendant's absence from trial raises no constitutional concerns. Furthermore, the parties and the court understand that Chief Hudson will be present every day of trial and, when called upon to testify, will be available to provide full and complete testimony without interruption. As such, the court can discern no prejudice to plaintiff resulting from Chief Hudson's periodic absence from the courtroom. Indeed, if any party will suffer prejudice it will be Chief Hudson himself, whose absence may raise adverse inferences by the jury.

In light of these circumstances, defense counsel for Chief Hudson will be allowed to explain to the jury why his client may be absent for periods of time during the trial and may offer Dr. Ulloa's statement by way of explanation. The court sees no reason not to accommodate Chief Hudson's request to be excused from the courtroom early on one or more of the expected four days of this trial and asks only that defense counsel provide notice to the court of his anticipated absence from the courtroom.

III. CONCLUSION

Accordingly, for the reasons stated herein, defendant's motion in limine, ECF No. 215, is HEREBY GRANTED.

s/Matthew W. Brann  
Matthew W. Brann  
United States District Judge
