IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARMAINE KLATCH-MAYNARD and WILLIAM MAYNARD, Plaintiffs, | : : : : | Civil Action No. 3:06-CV-0845 (Judge Brann) |
| v. | : : | |
| SUGARLOAF TOWNSHIP, SUGARLOAF TOWNSHIP BOARD OF SUPERVISORS, ROBERT STANZIOLA, EARL MILLER, JOYCE P STEVENS, POLICE CHIEF JOHN HUDSON, AND JAMES SCHNEIDER, Defendants. | : : : : : : : | |

**MEMORANDUM AND ORDER**
**May 7, 2013**

This civil rights action, commenced on April 26, 2006, is set for trial on May 13, 2013. Since this case was reassigned to the undersigned on January 17, 2013, counsel for plaintiff has persistently disregarded the dictates of this Court's Orders and engaged in otherwise discourteous behavior inconveniencing both the Court and opposing counsel for all parties.

An in-person pretrial conference was held in chambers on March 18, 2013, to which counsel arrived over twenty minutes late. ECF No. 208. It was brought to the Court's attention that counsel had changed his business address but had failed to update opposing counsel or the Court of this change. The Court admonished counsel to keep the Court and the parties abreast of his correct contact information and was directed to promptly advise the Clerk's Office of his change in address. Counsel failed to so inform the Clerk and the Court updated counsel's address on the docket accordingly. Order ¶ 8, Mar. 20, 2013, ECF. No. 209.

Following the pretrial conference, the Court entered a scheduling Order directing the time and manner in which remaining pretrial matters were to be conducted. See Order, Mar. 20, 2013, ECF No. 209. The Order directed the parties to file motions in limine by April 8, 2013 and any opposition to the same by April 15, 2013. Id. Although plaintiff's counsel did not concur with defendants' motions, he did not file any opposition to the motions.

Most significantly, the parties were directed to file proposed voir dire and jury instructions by April 8, 2013. Id. Although defendants timely filed these documents, plaintiff has yet to submit either of them. In order to avoid injustice, or at least the appearance of it, and because it is in the interest of plaintiff to have her counsel submit proposed voir dire questions and jury instructions on her behalf, counsel will be granted until **Wednesday, May 8, 2013 at 5:00p.m.** to submit these documents to the Court. Counsel will not be given additional time to submit these documents and the Court will not recognize any such filings on the eve of trial or once trial commences.

Finally, the March 20, 2013 Order set a final pretrial conference for April 29, 2013 which was to be initiated via telephone by plaintiff's counsel. Despite the Court's Order, plaintiff's counsel failed to initiate the phone conference on April 29, 2013 and instead required the court to contact him. ECF No. 220. Counsel advised the Court that he was unaware of the phone call and failed to provide any reasonable explanation for not initiating the call. Id.

A written Order following the April 29, 2013 telephone conference directed the parties to file, in electronic format, all of their exhibits five business days in advance of trial. Order, May 1, 2013, ECF No. 222. Plaintiff is at least two days tardy in submitting these exhibits to the

Court. Additionally, plaintiff's counsel was instructed to file verification that plaintiff's dogs are certified service dogs by May 3, 2013.  Id.  Such verification, which is illegible to the Court, was not filed until May 7, 2013.

Counsel is admonished, once again, that failing to comply with the Orders of this Court is regarded as a failure to prosecute his case, see Local Rule 83.3.1, to say nothing of the fact that it is manifestly discourteous and rude – both to the Court and opposing counsel.  If counsel continues to disregard the dictates of this Court, he will be subject to costs and sanctions.  Id.

IT IS SO ORDERED.

    s/Matthew W. Brann
    Matthew W. Brann
    United States District Judge